ANNIE WYNN v. C. G. FROST.
(Filed July 30, 1897.)

PRACTICE—*Unavoidable Casualty or Misfortune.* Where judgment has been rendered against a defendant, and after its rendition and at the same term a motion for a new trial is granted, conditioned that defendant shall pay the costs then accrued, and the defendant gives the money to her attorney with directions to pay the costs, and such attorney fails to pay the same within the time fixed by the court and the judgment becomes final, and afterwards a petition is filed to vacate such judgment under sec. 588 of our code of civil procedure, *Held:* The negligence of the attorney cannot be considered such unavoidable casualty or misfortune as prevented the party from defending, and that a demurrer to such petition was properly sustained by the trial court.

(Syllabus by the Court.)

*Error from the Probate Court of Oklahoma County; before Wm. P. Harper, Probate Judge.*

*Reddick, Lewis & Snyder*, for plaintiff in error.

*J. A. Wilson*, for defendant in error.

Opinion of the court by

DALE, C. J.: Suit on a replevin bond was instituted by C. G. Frost against Annie Wynn and others, and judgment obtained by default, in the sum of $377. Afterwards and at the same term of court defendants ap-

peared and filed a motion for a new trial, which was on September 10, 1895, granted, conditioned upon payment of the costs on or before the 20th day of September, 1895. The plaintiff at that time dismissed his cause of action against the co-defendants of Annie Wynn, and it will not be necessary to further mention them in this opinion.

On September 26, 1895, Frost moved for a judgment overruling the motion for a new trial, for the reason that Annie Wynn had failed to comply with the order of the court requiring her to pay the accrued costs. The motion was granted and a final judgment then entered for the sum of $377, and costs. April 28, 1896, Annie Wynn filed her petition, which was afterwards amended, for a new trial under sec. 588 of our code. To the amended petition a demurrer was interposed and sustained, and the case is brought here to reverse the ruling upon the demurrer.

It is urged that the petition for a new trial states a good cause of action under the 7th subdivision of sec. 588, which provides that the court may grant a new trial: "For unavoidable casualty or misfortune preventing the party from prosecuting or defending."

We deem it unnecessary to notice the petition for a new trial, further than to determine whether or not the party seeking relief has shown unavoidable casualty or misfortune which prevented her from defending in the lower court. Upon this branch of the case the petition alleges, in substance, that she never had any kind of notice of the pendency of the action until after the judgment had been rendered against her; that upon hearing that such judgment had been obtained she employed an attorney to move to have the judgment set aside; that after the court had vacated the judgment, conditioned

upon payment of costs, she gave to her attorney a sum sufficient to pay such costs, and that she had no knowledge that such costs had not been paid until after the court made an order affirming its former judgment; that the only reason she could assign for the costs not having been paid was that her attorney, for some reason unknown to her, failed to make the payment. Attached to this petition is the affidavit of the attorney wherein he states that his client gave him the money to pay the costs, and that he intended to so apply the money, but neglected to do so at once after receiving the same, and allowed the matter to pass from his mind until too late.

Section 589 of the code provides that the court may first try and decide upon the grounds to vacate or modify a judgment or order, before trying or deciding upon the validity of the defense or cause of action, and we presume that the court below took the view that no unavoidable casualty, or misfortune interposed to prevent the defendant from defending in that tribunal.

Counsel for appellant cite but few authorities in support of their contention upon this subject, and those cited which we have been able to obtain, do not, we think, fully support the rule for which they contend. The first to which our attention is directed is Freeman on Judgments vol. 1, sec. 114, wherein the author discusses the effect of a statute providing for setting aside judgments on the ground of excusable neglect, and numerous instances are given where judgments are vacated upon that ground, and if we had a statute providing for the setting aside of a judgment upon the ground of excusable neglect, and the petition attempted to show that character of a case, we could then consider the section

in Freeman *supra* referred to; but the case as set forth in the petition we are considering must come within the statute, as it will not be contended that a trial court has power to vacate its judgments after term time, unless express authority so to do is given by statute, therefore we can deal only with the question as to whether or not unavoidable casualty or misfortune intervened to prevent appellant from defending in the court below.

The first case cited in support of the proposition of appellant is *Dougherty v. Nevada Bank*, 68 Cal. 265. By citing this case counsel appear to overlook the fact that the decision referred to is based upon a statute which permits a judgment to be vacated upon the ground of excusable neglect, and therefore that it does not elucidate the question before us. The same is true with reference to *Woodsworth v. Woodsworth*, 81 Cal. 182 cited by appellant. The basis of that decision being excusable neglect of the attorney. The only other decision to which our attention is called is *Norwood v. King*, 86 N. C. 80. We are unable to procure the decision and therefore must reach a conclusion without its aid; but in sec. 115, of Freeman on Judgments, we find a reference to the North Carolina decisions upon this subject, and from the statement of the author it appears that the courts of that state hold that if an attorney, employed to appear, fails to do so, the client may be relieved from the judgment on the ground of surprise, provided he has not been guilty of laches himself. We have not the statutes of that state at command and therefore cannot tell whether the decisions referred to in Freeman on Judgments *supra*, are based upon a statute different or similar to ours, but think it must be governed by a differ-

ent statute as the only authority to vacate a judgment must, as heretofore stated, be found in the statute. We are therefore unable to find in the authorities cited by counsel for appellant support for the question raised. There are, however authorities which throw much light upon this subject. Freeman on Judgments in vol. 1, sec. 115, in speaking upon the question of unavoidable casulty or misfortune, states that relief may be had upon such grounds because of the insanity of the moving party or his illness, or the illness of his counsel, or because of a railway accident which prevented his presence at the trial, thus placing the reasons entirely upon a misfortune or accident which ordinary prudence could not guard against or prevent. And we think this is the proper construction to be placed upon the language of our statute.

We make a clear distinction between our statute and that of states which give a new trial, because of what is called "excusable neglect." And generally a statute granting a new trial for' the last named cause is much broader than ours. In sec. 112, the author above quoted, states that "the neglect of an attorney or agent is uniformly treated as the neglect of the client or principal, except in New York and North Carolina."

This precise clause of our statute was before the supreme court of Kansas in *Welch v. Challen*, 31 Kan. 696, and in that case it was held that the neglect of counsel to appear and defend in the action was the neglect of the client, and that such neglect was not unavoidable casulty or misfortune of the character contemplated by the statute. We think this rule a salutary one and that it should be applied in this Territory and especially is this true under the facts of this case.

Counsel for appellant places some stress upon. the statement in the petition to the effect that appellant had no notice of the pendency of the action before the trial judge until after jugment, and contend that such fact is sufficient to vacate the judgment. The appearance of the parties and presentation of the motion for a new trial was a general appearance, and this question is not open for discussion. (*Burdett v. Corgan*, 26 Kan. 102; *Carver v. Shelly & Co.*, 17 Kan. 402.)

In justice to counsel who now appear for appellant, it is proper to state that they were not the parties who represented appellant when the cause was first pending in the probate court, and it was not their neglect which prevented a defense in that tribunal.

The judgment of the lower court is affirmed.

All the Justices concurring.