## SYFERS ET AL. v. KEISER.

[No. 4,313.　Filed April 8, 1903.]

JUDGMENT.—*Mistake.*—*Setting Aside.*—No error was committed in setting aside a judgment, under §399 Burns 1901 authorizing 'the court in its discretion to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, where it appeared that defendant, in an action on a promissory note, left his home on business before the case was set for trial, and left with his family and counsel instructions where he could be reached by mail or telephone, and his counsel wrote him, but he failed to receive the letter, and his daughter telephoned him, and some person representing himself to be defendant answered saying he would be home for the trial, and judgment was taken without defendant's knowledge that the case was set for trial.

From Tipton Circuit Court; *W. W. Mount,* Judge.

Action by Rufus K. Syfers and others against Samuel A. Keiser. From a judgment for defendant, plaintiffs appeal. *Affirmed.*

*C. O. Roemler, L. A. Whitcomb* and *W. R. Oglebay,* for appellants.

*I. W. Christian, W. S. Christian* and *E. E. Cloe,* for appellee.

ROBINSON, J.—Suit by appellants on a note. Appellants had judgment, which was afterwards set aside, and upon a trial judgment was rendered for appellee. The first judgment was set aside under that provision of the statute authorizing the court, in its discretion, to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect. §399 Burns 1901. Of this action of the court complaint is here made; also the denial of a new trial.

The cause was put at issue by the filing of an answer, and a reply, and was set for trial, but was continued by agreement until a later day in the term. On December 3, at the same term, the record recites, "Come the parties by counsel," and the case was submitted to the court for trial, resulting in a finding and judgment for appellants. December 11, at the same term, appellee filed a motion to set aside this judgment, which was sustained. In appellee's affidavit filed in support of his motion to set aside the judgment he recites the fact of the judgment of December 3; that two weeks prior to that time he was a resident of Noblesville, and left his home on business duties until after the rendition of the judgment; that when he left home the case had not been set for trial December 3, or, that if it had been, he had no knowledge thereof; that, in order to be present at the trial, should the same be set during his absence, he left with his counsel and his family instructions where he could be reached by telephone or mail, and that the week prior to December 3 he spent almost the entire week in Marion, and that his family believing that he was in Marion on Saturday night before the trial, his daughter, in ample time to permit him to attend, called him over the telephone, and some one answered, informing her that it was affiant, whereupon the daughter told him the trial was set for the following Monday, but in fact he was not called by the person operating the telephone, nor was he informed that there was any telephone communication for him; that at the time the call was made for him he was at a hotel in Marion; that he made diligent search to find the person who received the call at the telephone office, but was unsuccessful, and that no record of the call was kept; that he had no notice of the date fixed for the trial until after the judgment was taken; that he had a good defense to the cause, and was not indebted to appellants in any sum whatever.

Syfers *v.* Keiser.

Afterwards, appellee filed the affidavit of his daughter, Bertha Keiser, that on December 1, she called the central telephone office, and asked the operator for Samuel Keiser at Marion; that a man representing himself to be Samuel Keiser answered; that she told him the case was set for trial at Tipton on Monday, December 3, to which he answered he would be there; that she asked him to come home, and he answered that he would come right away; that she afterwards took down the phone again, and asked the operator, Miss Patterson, to call Mr. Samuel Keiser again; that she asked if that was Mr. Samuel Keiser of Noblesville, and he answered, "Yes;" that she repeated the statement that his attorneys said his case would come up for trial at Tipton on Monday, December 3, and he answered again that he would be there. Also the affidavit of the night operator at Noblesville, stating that on that night—December 1—Bertha Keiser called her father at Marion, and was answered by a man representing himself to be Samuel A. Keiser of Noblesville. Also the affidavit of appellee's wife, Jennie Keiser, stating that about November 26, 1900, Ira W. Christian, appellee's attorney, asked her when her husband would be at home; that she told the attorney she expected him home December 1; that the attorney stated that the case was set for trial December 3, and asked her where he could reach appellee by letter; that she advised him to write to Elwood; that afterwards, on Thanksgiving day, the attorney's letter came back unclaimed, and on that day she handed the letter to the attorney, and told him her husband would surely be home Saturday; that when he did not come on the train at 10 o'clock that evening she and her daughter went to the telephone, as stated in the daughter's affidavit. Also the affidavit of Ira W. Christian, attorney for appellee, that upon being informed the case was set for trial December 3, he went to the home of appellee, a traveling salesman, and was informed by appellee's wife that appellee had gone to Elwood, and would be there a few

days; that he immediately wrote a letter, stating the case was set for trial December 3; that afterwards, November 29, appellee's wife returned to him the letter, marked by the postmaster at Elwood "Unclaimed."

Counter affidavits were filed by appellants and their attorneys, stating, among other things, that appellee's attorneys were present in court when the cause was called for trial December 3, in the forenoon of that day, and at the request of appellee's attorneys the cause was not submitted to the court for trial until the afternoon session.

Appellee did not, strictly speaking, suffer a default. The statute does not use the term default. It gives a party relief from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, whether the judgment is taken against him by default, as that term is usually understood, or not. He had pleaded his defense to the complaint. If the facts pleaded in his answer were true, there was no liability on the note. He was guilty of no neglect except as to attending the trial. We can not say there was any abuse of discretion on the part of the trial court in concluding that upon the showing made by the affidavits, his neglect was excusable. It is and has always been the policy of the law to dispose of cases on their merits, and a statute of this character, being remedial, should be liberally construed. The affidavits show that it was his intention to attend the trial; that he was necessarily away from home; that he endeavored to keep his whereabouts known so that he could be communicated with; that through the mistake or fraud of some one he failed to receive the communication by telephone, and that his attorneys endeavored to inform him of the time of the trial by letter. He also sufficiently shows that he has a defense to the action. Each case of this character must be determined upon its own particular facts, and the conclusion of the trial court will not be disturbed where it is supported by some evidence. *Williams* v. *Grooms,* 122

Ind: 391; *Green* v. *Stobo,* 118 Ind. 332; *Beatty* v. *O'Connor,* 106 Ind. 81; *Masten* v. *Indiana Car, etc., Co.,* 25 Ind. App. 175, and cases cited.

Upon the material questions in the case the evidence is directly conflicting. We can not weigh it to determine the preponderance. There is evidence to support the verdict.

Judgment affirmed.