McLaughlin *et al. v.* Nettleton.

No. 286.   Opinion Filed December 7, 1909.

(105 Pac. 662.)

**JUDGMENT—Default—Vacation—Unavoidable Casualty or Misfortune.**
    In a proceeding, under section 4760 (chapter 66, art. 22, sec. 562)
    Wilson's Rev. & Ann. St. 1903. the petition must be duly veri-
    fied by affidavit setting forth the judgment or order, the grounds
    for vacating or modifying the same, and the defense or defenses
    to the action.

    The petitioner's counsel, on the 13th day of May, 1907, the
    day on which the term of court convened at which the action
    stood for trial, having written to the clerk of the court at Hobart,
    Okla., from Wichita, Kan., requesting to be advised by return
    mail on what day such case had been assigned for trial, no reply
    being received, on the 15th or 16th of the same month peti-
    tioner received a letter from a party at Hobart advising him
    that the case would be reached the latter part of the next week.
    Petitioner immediately wrote such party to advise him by wire
    on what day the case was set for trial.   On the 18th he received
    a telegram as follows:   "Your case is set for the first."   Peti-
    tioner immediately took the letter to his attorney in Wichita,
    and they construed it to mean that the case was set for the 1st
    of June, and set about to get ready for the trial of the cause.
    About the 23d of May petitioner received a letter from the same
    party at Hobart that judgment had been rendered on default
    on the 21st.   On investigation, it was revealed that the telegram
    had been filed with the company at Hobart reading, "Your case
    is set for the 21st," but that by mistake in transmission, when
    delivered, it was made to read as above stated.   If the tele-
    gram had been correctly transmitted, petitioner and his counsel
    would have been present on the 21st and defended the action.
    Held, that the construction of the telegram as delivered was rea-
    sonable, and, the petitioner and his counsel having exercised or-
    dinary diligence, that this amounted to an unavoidable casualty
    or misfortune.

(Syllabus by the Court.)

*Error from District Court, Kiowa County; Lafe Knowles, Spe-*
*cial Trial Judge.*

Proceedings by Charles E. McLaughlin and others against
Arthur E. Nettleton to vacate a judgment by default.   From an
order denying such relief, plaintiffs bring error.   Reversed, with
instructions.

*Devereux & Hildreth,* for plaintiffs in error.—Citing: *Hill v. Williams,* 6 Kan. 17; Freeman on Judgments, vol. 1 (4th Ed.) § 109; 23 Cyc. 943; *Trustees v. Merriam,* 59 How. Prac. (N. Y.) 226; *Boyd v. Williams,* 70 N. J. L. 185.

WILLIAMS, J. This proceeding is brought under the provisions of section 4760 (chapter 66, art. 22, § 562) Wilson's Rev. & Ann. St. 1903. Subdivision 7 thereof provides that the district court shall have power to vacate or modify its own judgments or orders for "unavoidable casualty or misfortune, preventing the party from prosecuting or defending." The petition was duly verified by affidavit setting forth the judgment or order, the grounds for vacating or modifying it, and the defense to the action, complying substantially with the requirements of the statute. The action in which the judgment was sought to be vacated, the issues having been made up, stood for trial at the term of the district court for Kiowa county, territory of Oklahoma, to convene on May 13, 1907.

The applicant's attorney, who resides at Wichita, Kan., on said date wrote to the clerk of said court at Hobart, Okla., asking him to advise him by return mail when said case had been assigned for trial. No reply was received to this letter. About the 15th or 16th of May, 1907, the applicant received a letter from an attorney at Hobart, Okla., who had previously been retained by him, but who was not in the case at the time, that said case would likely be reached for trial the following week. Applicant thereupon wrote to said party and asked him to advise him immediately by wire the day on which said case would be reached for trial. On the 18th day of May, 1907, applicant received a telegram over the Western Union line reading, "Your case is set for the first." Applicant immediately took the telegram to this attorney in Wichita, and he and the attorney, having read the telegram, reached the conclusion that it meant that the case was set for trial on June 1st. The facts were, however, that the telegram was filed at the Western Union office at Hobart, Okla., reading as follows: "Your case is set for the 21st"—but by

mistake was transmitted so as to read, "Your case is set for the first." The applicant and his counsel seem to have proceeded in, good faith and with reasonable care to get ready for trial on June 1st. On May 21st the cause was regularly reached for trial; and, the applicant and his codefendant and their counsel failing to appear, judgment was rendered on default. Had the telegram been correctly transmitted, it seems that the action would have been defended, and no default would have been made. Applicant relying upon a reasonable construction of the telegram, and exercising ordinary diligence thereon, when it turns out that such telegram was incorrectly transmitted by the mistake of the telegraph company's employees it amounts to an "unavoidable casualty or misfortune" on his part. *Corning & Horner v. Tripp*, 1 How. Prac. (N. Y.) 14; *Northern Dispensary Trustees v. Merriam*, 59 How. Prac. (N. Y.) 226; *Boyd v. Williams*, 70 N. J. Law, 185, 56 Atl. 135; *Wynn v. Frost*, 6 Okla. 89, 50 Pac. 184; *Williams v. Richmond & D. R. Co.*, 110 N. C. 466, 15 S. E. 97; *Syfers et al. v. Keiser*, 31 Ind. App. 6, 66 N. E. 1021; *Schnitzler v. Wichita Fourth Nat. Bank*, 1 Kan. App. 674, 42 Pac. 496.

But the question may be raised as to whether or not it is permissible to contradict the *prima facie* showing of the applicant as to the defense to action. That question seems never to have been passed on either by the Supreme Court of Oklahoma Territory or of Kansas. The rule by the great weight of authority, however, appears to be that it is not permissible to contradict the allegations of merit as set up by the applicant and supported by his affidavit. *Pratt & McKenzie v. Keils & Sylvester*, 28 Ala. 390; *Gracier et al. v. Weir*, 45 Cal. 53; *Gilchrist Transp. Co. v. Northern Grain Co.*, 204 Ill. 510, 68 N. E. 558; *Hill et al. v. Crump*, 24 Ind. 291; *Buck v. Havens*, 40 Ind. 221; *Bristor v. Galvin et al.*, 62 Ind. 352; *Beatty v. O'Connor et al.*, 106 Ind. 81, 5 N. E. 880; *Worth v. Wetmore*, 87 Iowa, 62, 54 N. W. 56; *Joerns v. La Nicca*, 75 Iowa, 705, 38 N. W. 129; *N. E. Mut. Fire Ins. Co. v. Lisbon Mfg. Co.*, 2 Foster (22 N. H.) 170; *Benedict et al. v. Arnoux et al.*, 85 Hun. 283, 32 N. Y. Supp. 905; *Minne-*

*sota Thresher Mfg. Co. v. Holz,* 10 N. D. 19, 84 N. W. 58; *Congdon Hdw. Co. v. Cons. Apex. Mining Co.,* 11 S. D. 376, 77 N. W. 1022; *Brown v. Brown,* 86 Tenn. 277, 6 S. W. 869, 7 S. W. 640; 1 Freeman on Judgments (4th Ed.) § 109, p. 161; 1 Black on Judgments, § 351, p. 429; 6 Enc. Pleading & Practice, 158; 23 Cyc. 958; 30 Cent. Dig. tit. Judgments, §§ 319, 753. But does section 4763, Wilson's Rev. & Ann. St. 1903 (section 6097, Comp. Laws 1909), change the foregoing rule? See *List v. Jockheck,* 45 Kan. 349, 748, 27 Pac. 184. That question, however, is not required to be determined, as the lower court evidently held that the grounds to vacate were insufficient. The question may also arise as to whether or not the validity of the defense must not, unless same is waived, be tried by a jury. *Gilchrist Transp. Co. v. Northern Grain Co., supra.* It follows that the lower court erred in not vacating the judgment rendered on default.

The judgment of the lower court is reversed, with instructions to vacate said judgment and proceed in accordance with this opinion.

All the Justices concur.