## CHICAGO, R. I. & P. RY. CO. v. REESE.

No. 394.  Opinion Filed July 12, 1910. .

(110 Pac. 1071.) .

1.  JUDGMENT—Default—Motion to Vacate — Unavoidable Delay. Syllabus same as paragraph No. 1 of the syllabus in case of Chicago, Rock Island & Pacific Railway Company v. Eastham, infra, 110 Pac. 887.

2.  APPEAL AND ERROR—Transfer·of Cause—Methods. Proceedings on appeal may be brought in this court either by a case-made or a transcript of the record, and the fact that a party takes time to make a case-made and thereafter elects to prosecute his proceedings on a transcript of the record affords no ground for a dismissal of the appeal.

(Syllabus by the Court.)

*Error from Coal County Court; R. H. Wells, Judge.*

Action by C. T. Reese against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

*C. O. Blake, Thos. R. Beman, Foshee & Brunson,* and *J. G. Ralls,* for plaintiff in error.

*D. H. Linebaugh,* for defendant in error.

DUNN, C. J.  This case presents error from the county court of Coal county and comes to us on a transcript. Defendant in error, who will hereafter be called plaintiff, filed his petition in the county court of Coal county against plaintiff in error as defendant on June 25, 1908, and had a summons issued providing for answer by defendant on or before the 21st day of July, 1908. On July 22, 1908, defendant having failed to plead in any manner within the time given, counsel for plaintiff filed a motion for judgment by default and for the court to assess the damages. The trial of the case was accordingly taken up, and the court heard the evidence of plaintiff, and rendered judgment thereon in the sum of $965. After the case was called for trial, counsel for defendant

appeared and asked leave to file a motion requiring plaintiff to make his petition more definite and certain, and to separately state and number the causes of action, together with the date of each. and the amount of damages claimed for each item. This motion bears indorsement showing that the same was offered at 3:40 p. m., but which the court "refused to file for the reason that it was offered during the trial and before judgment." Also that it was "filed at 4 p. m. after judgment was rendered by the court." To these proceedings counsel for defendant saved their exceptions, and filed a motion to set aside and vacate the judgment rendered along with a motion for a new trial, both of which were denied, and the case has been brought to this court. The facts involved are for all practical purposes identical with those in the case of *Chicago, Rock Island & Pacific Railway Company v. Eastham, infra*, 110 Pac. 887. The law as declared in that case is entirely applicable to the facts in the case at bar, and upon the authority of that case this judgment must be reversed.

Counsel for defendant took time in open court to prepare a case-made and at the same time prepared and had allowed a bill of exceptions, and, instead of bringing the case to this court by case-made, elected to bring the same on transcript, and this action on their part is made a ground for a motion to dismiss the appeal. This motion must be overruled, as a plaintiff in error may bring his case to this court either way, and the fact that time was taken to make a case-made and the appeal was afterward taken on transcript in no wise prejudiced the rights of plaintiff. We have also examined the certificate made by the clerk of the county court to the transcript, and the same in our judgment is sufficiently full and formal to authenticate the record presented.

The case is accordingly remanded to the county court of Coal county, with instructions to set aside the judgment heretofore entered, and allow defendant to file its motion.

All the Justices concur.