## STAINBROOK v. MESKILL.

No. 5831.   Opinion Filed November 2, 1915.

(152 Pac. 820.)

1. **APPEAL AND ERROR—Judgment—Discretionary Ruling—Motion to Vacate or Modify Judgment.** An application to vacate or modify a judgment is addressed to the sound legal discretion of the court, and will not be disturbed on appeal, unless it clearly appears that the court has abused its discretion. Following *Poff v. Lockridge*, 22 Okla. 462, 98 Pac. 427.

2. **JUDGMENT—Default Judgment—Refusal to Set Aside—Discretion.** Facts in this case examined, and found that the refusal of the court to set aside the default judgment complained of was an abuse of judicial discretion.

(Syllabus by Collier, C.)

*Error From County Court, Creek County;*
*Vick S. Decker, Judge.*

Action by Mike Meskill against Frank Stainbrook. Judgment for plaintiff and defendant brings error. Reversed and remanded, with directions.

*Pryor & Rockwood,* for plaintiff in error.

Opinion by COLLIER, C. This is an appeal by plaintiff in error, hereinafter styled defendant, from the refusal of the county court of Creek county to set aside and vacate a judgment in the sum of $175, rendered against him by default in favor of defendant in error, hereinafter called plaintiff, upon the grounds: (1) That

defendant was prevented from appearing and defending said action by unavoidable casualty and misfortune; that he was ill and confined to his bed on the day said judgment was rendered; (2) that his attorney was sick and unable to attend court and appear for him on said date; (3) that neither he nor his attorney had information that said cause was set for trial, but, on the contrary, the court had agreed with the attorney for defendant that the case would be continued for the term, and the attorney for defendant informed defendant the case had been continued and would not be called for trial at said term; (4) that he had a meritorious defense to the said action, to wit, that he did not owe plaintiff anything, having paid him in full for all services rendered him.

On the hearing, the evidence was in conflict as to whether defendant was too sick to attend court at the time said judgment was rendered, but the great weight of the evidence is in favor of the contention of defendant as to his physical condition on the day the judgment was rendered. There is no conflict in the evidence that the attorney was physically incapacitated, at the time of the rendition of said judgment, to try the case, and that prior to rendition of the said judgment sought to be set aside the county judge who presided at the trial in which the judgment was rendered and the judge of the district court had each agreed with said attorney that "they would continue all his (said attorney's) cases for the term of the court," and that said attorney had notified defendant that his case had been continued, and the evidence established the existence of such unavoidable casualty and misfortune, when coupled with, as in the instant case, the averments in the sworn petition, filed herein, that defendant had a meritorious defense to said action, to wit, "that he did

not owe plaintiff anything, having paid the plaintiff in full for all services rendered defendant by plaintiff," as fully discharged the burden of proof upon him to entitle him to have the judgment complained of vacated, as provided by section 5267, Rev. Laws 1910, which reads:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: * * * Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

The case of *McLaughlin v. Nettleton*, 25 Okla., 319, 105 Pac. 662, is a case where the defendant made application to have a default judgment vacated, and alleged as grounds that his attorney had written the clerk of the district court, asking when the case was set for trial, but received no reply, and a local attorney had sent him a telegram, stating: "Your case is set for the twenty-first." In transmission, the telegram was changed to read: "Your case is set for trial the first." The trial court held that the circumstances were not such as constituted unavoidable casualty or misfortune, as contemplated by statute. On appeal, the Supreme Court held that the circumstances were sufficient, and reversed the lower court and remanded the cause, with instructions to vacate the judgment. See, also, *Corning & Horner v. Tripp*, 1 How. Prac. (N. Y.) 14; *Northern Dispensary Trustees v. Merriam*, 59 How. Prac. (N. Y.) 226; *Boyd v. Williams*, 70 N. J. Law, 185, 56 Atl. 135; *Wynn v. Frost*, 6 Okla. 89, 50 Pac. 184; *Williams v. Richmond & D. R.. Co.*, 110 N. C. 466, 15 S. E. 97; *Syfers et al. v. Keiser*, 31 Ind. App. 6, 66 N. E. 1021; *Schnitzler v. Wichita Fourth Nat. Bank*, 1 Kan. App. 674, 42 Pac. 496.

On the hearing of the application to vacate the judgment defendant ordered testimony tending to show that the sworn averments in his petition that he had a meritorious defense were true, which testimony was not contradicted by plaintiff. *Poff v. Lockridge*, 22 Okla. 462, 98 Pac. 427; *Niagara Insurance Co. v. Rodecker & Pearson*, 47 Iowa, 162.

While, ordinarily, vacating and setting aside a judgment rests largely in the sound discretion of the trial judge, such discretion must be exercised fairly and impartially. In *Baily v. Taaffe*, 29 Cal. 423, a case cited with approval by the Supreme Court of this state in the case of *Poff v. Lockridge, supra,* it is said:

"The discreion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion to be exercised *ex gratia,* but a legal discretion to be exercised in conformity with the spirit of the law, and in a manner to subserve, and not to impede or defeat, the ends of substantial justice. In a plain case this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates. If it be doubtful whether the excuse offered is sufficient or not, or whether the defense set up is with or without merit *in foro legis,* when examined under those rules of law by which judges are guided to a conclusion, the judgment of the court below will not be disturbed."

The plaintiff has filed no brief in this case, and we think it may be fairly inferred thereby that he admits the correctness of the position assumed by defendant.

There was erroneous admission of evidence in this case as to several previous continuances of the case. Such question was not germane to the issue here involved,

regardless of how many continuances may have been had, upon what grounds, whether rightly or erroneously granted, and said evidence should not have been considered in determining whether or not the judgment in this cause should be set aside. It is very clear that there was an abuse of discretion of the court in refusing to vacate said judgment, and his action was prejudicial error.

This cause should be reversed and remanded, with instructions to set aside the verdict and grant a new trial.

By the Court: It is so ordered.