## ÆTNA BUILDING & LOAN ASS'N v. SMITH et al.

No. 8777—Opinion Filed July 30, 1918.

Rehearing Denied Sept. 10, 1918.

(175 Pac. 833.)

**Judgment—Motion for New Trial—Unavoidable Casualty—Vacation—Time for Filing.**

On March 3, 1916, J. W. S. and L. J. S. obtained a judgment against A. B. L. A. in the absence of the attorney representing defendant; all of the evidence had been taken and argument had prior thereto. A. B. L. A. did not learn of the action of the court until March 18, 1916. Held, that A. B. L. A. was not deprived of its right of appeal in error by the action of the court in rendering judgment in the absence of its attorneys, but that upon discovery of said action it had a right to file a motion for a new trial under section 5035, Rev. Laws 1910, and have the same considered by the court. From the ruling of the court on said motion it had a right to appeal by petition in error to the Supreme Court of Oklahoma and have the same reviewed.

(Syllabus by Davis, C.)

Error from District Court, Washita County; Thomas A. Edwards, Judge.

Action by J. W. Smith and L. J. Smith against the Ætna Building & Loan Association. Judgment for plaintiffs and defendant brings error. Affirmed.

John S. Dean, Jno. D. Rogers, John H. Wright, and M. O. Lock, for plaintiff in error.

Smith, Jones & Smith, for defendants in error.

Opinion by DAVIS, C. It appears from the record in this case that on the 3d day of March, 1916, in case No. 1434 in the district court of Washita county, defendants in error as plaintiffs obtained a judgment against the Ætna Building & Loan Association, canceling two real estate mortgages and for the sum of $235 overpaid on said mortgages. The trial of the case No. 1434 was had on the 28th day of October, 1915, at which time both parties and their witnesses appeared and all the evidence was heard. At the conclusion of the evidence, the case was orally argued by counsel for

both parties, and the cause was taken under advisement by the court for decision. The attorneys for each of the parties agreed, upon suggestion of the court, to submit written briefs and argument upon the law and facts, which was done in due time, and after the court had considered the evidence and briefs filed in behalf of each and made its finding of facts and conclusions of law, rendered its judgment on the 3d day of March, 1916, being one of the regular judicial days of the October, 1915, term. The next regular term of the court began on the 6th day of March, 1916. The attorneys for the Ætna Building & Loan Association were not present at the time of the rendition of the judgment, and it appears from the record in this case that on or about the 21st day of February, 1916, A. W. F. Lee, the local agent for the Ætna Building & Loan Association for Washita county, was informed that judgment would be rendered in said cause on the 3d day of March, 1916, and after this information was obtained he wrote a letter to the Ætna Building & Loan Association, advising that said judgment would be rendered on the 3d day of March, 1916, which letter was addressed to Ferry, Dorin & Dean, general attorneys of the Ætna Building & Loan Association, at Topeka, Kan., and was received by said attorneys a short time thereafter. The letter in question was dictated to a stenographer whose services were being rendered to Mr. Lee. In writing this letter the stenographer seems to have made a typographical error by making the figure "2" and attempting to strike this figure out either by using the letter "x" or "z," and then writing the figure "3," and when this letter was received by the attorneys for the Ætna Building & Loan Association it was by the attorneys construed to mean the 23d day of March, instead of the 3d day of March. The general attorneys for the Ætna Building & Loan Association did not learn of the mistake until about the 18th day of March, 1916, at which time they were advised by letter from A. W. F. Lee that judgment had been rendered in said cause on the 3d day of March, 1916. Upon receipt of this letter the attorneys for the Ætna Building & Loan Association filed a petition in the district court of Washita county, Okla., seeking to have said judgment vacated and· set aside by the judge of said court; the main ground upon which this relief was sought being based upon unavoidable casualty and misfortune which prevented defendant from defending in said action. A trial was had wherein evidence was taken upon the part of the plaintiff in error and the defendants in error, and, after due consideration, the relief prayed for was denied by the court. A motion for new trial was duly filed, and by the court overruled. From the order overruling this motion the plaintiff in error has prosecuted this appeal.

The following assignments are set forth in the petition in error, as follows, to wit:

'(1) That defendants in error recovered a judgment against said plaintiff in error on the 27th day of May, 1916, by consideration of the district court within and for the county of Washita and state of Oklahoma, denying the petition of said plaintiff in error to vacate and set aside a certain judgment theretofore rendered in the said district court of Washita county, on the 3rd day of March, 1916, in the sum of $600, and for the cancellation of certain mortgages held by the plaintiff in error against the defendants in error, and decreeing said plaintiff in error guilty of charging and receiving usury in the transaction in which said mortgages were executed in favor of said plaintiff in error by the defendants in error.

"(2) Said plaintiff in error alleges that there was error in the proceedings and judgment of said court in this, to wit: That the said court erroneously refused to vacate said judgment as prayed for by the plaintiff in error, although said plaintiff in error was entitled to have said judgment set aside and vacated by the undisputed evidence in the case and by the laws of the land.

"(3) Said plaintiff in error alleges that there was error in the proceedings and judgment of said court in this, to wit: That said court refused to render judgment in favor of defendant below and against plaintiffs below, although said plaintiff in error upon consideration of the undisputed evidence in said cause was entitled to a judgment in its favor, by the law of the land."

Said plaintiff in error further alleges that at the time of the making of said judgment and decree it excepted to the rendition of said judgment and further excepted to the refusal of said court to render judgment in favor of said plaintiff in error.

The only error urged in the brief by counsel for plaintiff in error is that the court erred in refusing to vacate and set aside the judgment rendered on the 3rd day of March, 1916, wherein the court rendered judgment in favor of J. W. Smith and L. J. Smith against the Ætna Building & Loan Association, defendant in said cause.

The statute under which this proceeding is brought is section 5267, R. L. 1910, and

the essential provision of said section reads as follows:

"The district court shall have the power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made: * * * Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

The record in this case discloses that evidence was heard on the part of the plaintiff in error with reference to the letter in question, and also the evidence of one Alvarella Haynes, who was the stenographer who prepared the letter in question. She testified on behalf of the defendants in error. Also, the testimony of A. W. F. Lee, the agent of Ætna Building & Loan Association for Washita county, as well as the testimony of other witnesses in said cause. After hearing the evidence in this cause, the court refused to vacate the judgment in this action.

We are unable to find from the record in this case that the judgment is not warranted by the evidence before the court. Taking the most favorable view from the evidence disclosed in the record, it seems that whatever negligence may have occurred in the preparation of this letter, it was due to the stenographer who was employed by Mr. Lee to prepare the letter, and whatever negligence may have resulted from the preparation of this letter is chargeable to the plaintiff in error. Plaintiff in error seeks to bring this case within the rule announced in McLaughlin et al. v. Nettleton, 25 Okla. 319, 105 Pac. 662; but with this contention we are unable to agree. In that case the negligence complained of was not due to the defendants or any one acting for them, but was due to the telegraph company in sending a telegram. The case is clearly distinguishable from the case at bar. We understand the rule to be in this state that, if a party uses the recognized channels for the purpose of transmitting information and an error is made that is not due to the fault of the party using them, then the party is entitled to relief under the provision of the statute above quoted.

In the case of Missouri, Kansas & Texas Ry. Co. v. Ellis, reported 53 Okla. 264, 156 Pac. 226, L. R. A. 1916E, 100, the following rule is announced:

"However, counsel insist that they were entitled to a new trial under the decisions of this court in Chicago, R. I. & P. Ry. Co. v. Eastham et al., 26 Okla. 605, 110 Pac. 887, 30 L. R. A. (N. S.) 740; Chicago, R. I. & P. Ry. Co. v. Reese, 26 Okla. 613, 110 Pac. 1071; McLaughlin et al. v. Nettleton, 25 Okla. 319, 105 Pac. 662. In the Eastham Case the defendant mailed certain pleadings to the clerk of the court in which the action was pending in time for them to have reached said court on the answer day. By reason of miscarriage of the mail the same was delayed, and arrived at destination a day late, and subsequent to the taking of a default judgment in favor of plaintiff. On appeal this court held that miscarriage of the mail, not being the fault of the defendant, was an accident which should not foreclose the right of the defendant to its day in court, and reversed the judgment of the trial court refusing to grant defendant a new trial. The opinion in the Reese Case was based on the same state of facts as in the Eastham decision. In the McLaughlin v. Nettleson Case, counsel for defendant, who lived at Wichita, Kan., had requested the clerk of the district court at Hobart, Okla., to wire him on what day the case was set for trial. The clerk delivered a telegram to the telegraph company at Hobart for transmission, reading, 'Your case is set for the 21st,' but by mistake the telegram was sent and received as, 'Your case is set for the first.' This mistake resulted in defendant not being represented at the trial and the taking of a default judgment in favor of plaintiff. The opinion holds that such facts brought the case within the clause of section 4760. Wilson's Rev. & Ann. St. 1903 (section 5267, subd. 7, Rev. Laws 1910), providing that the district court shall have power to vacate or modify its own judgment or orders for 'unavoidable casualty or misfortune, preventing a party from prosecuting or defending.'

"In all of these cases the delay was the result, not of the mistake or negligence of one of the parties to the action, as in the present case, but of the fault of an established and recognized channel for the transmission of mail or telegrams, and for that reason they are not in point. The case of Williams v. Richmond & Danville R. Co., 110 N. C. 466, 15 S. E. 97, was based upon a statute of that state fundamentally different from the statute of this state."

In our view of this case it comes within the rule announced in the case just quoted. Whether or not the statute relied upon by the plaintiff in error is applicable both to judgments rendered by default and to judgments rendered after all the evidence is heard and the cause is submitted to the court is not material to a determination of this case. The main ground urged by the plaintiff in error to secure a vacation of this judgment is that it was prevented from prosecuting its appeal to the Supreme Court of Oklahoma, and to have the record reviewed. This admission is made by the counsel for plaintiff in error in his evidence before the trial court. We are not prepar-

ed to say that the trial court in rendering judgment on the 3rd day of March, in the absence of counsel for plaintiff in error, deprived the plaintiff in error of its remedy by an appeal to the Supreme Court of Oklahoma. On the contrary, we are of the opinion that no right was lost by the action of the court in rendering said judgment. Section 5033, R. L. 1910, provided for the filing of a motion for a new trial. By section 5035 it is provided:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

If the facts shown in the petition to vacate the judgment and by the evidence taken therein and by the record herein could be held to be sufficient to constitute "unavoidable casualty or misfortune" which prevented plaintiff in error from knowing of the rendition of the judgment, and that as a consequence plaintiff in error was prevented from filing its motion for a new trial and taking such other steps as were necessary to perfect an appeal by petition in error to the Supreme Court, then it must be conceded that the same state of facts would have been sufficient under section 5035 to permit the defendant to have filed a motion for a new trial as soon as learning that judgment had been rendered on March 3d, and to have shown that the plaintiff in error was unavoidably prevented from filing its motion for a new trial within the three days, and upon that showing the trial court would have been authorized to have permitted the defendant to file its motion for a new trial as soon as it had learned that judgment had been rendered, or at any reasonable time thereafter. This question has been passed upon by our court in the case of Riley v. Robertson, 29 Okla. 181, 115 Pac. 877. In this case the court announced the following rule:

'The failure to file a motion for a new trial within three days from the rendition of the verdict or decision, or within the term at which the same was rendered, may be excused by showing that the party was unavoidably prevented from so doing; and where the trial court has taken up and considered such motion and found that such unavoidable casualty existed, but denied the motion on the ground that the trial court was without error, a motion in this court to dismiss the appeal on the ground that the questions in the record could not be reviewed without the proper filing of a motion for a new trial in the lower court, and that such had not been done in due time, will be denied."

This identical question has been before the Supreme Court of Kansas, and the views herein expressed were announced by that court in the case of Schallehn v. Hibbard, 64 Kan. 601, 68 Pac. 61, as follows:

"It may be suggested that the cited section absolutely requires the filing of a motion within the term, and that the excuse of being unavoidably prevented applies only to the requirement to file within three days. There is some plausibility in such a construction, but we prefer to hold that the excuse goes to both requirements, and, if unavoidably prevented from filing his motion for a new trial within the term at which the verdict or decision was rendered, still a party may have his motion heard. Such a construction seems to us fair and just. It is the policy of the law to give litigants abundant opportunity to present their grievances to the court, and there is no reason to think that the Legislature would wish to help out one who, through unavoidable circumstances, had been prevented from filing his motion within three days and not one who, through the same circumstances, had been prevented from filing within the term."

This cause was afterwards considered on a petition for rehearing, and in the opinion the rule above laid down was adhered to by the court, in which the court stated:

"It was thought to be a matter of so much importance to the profession as made it worthy of positive and final settlement. The question is: May the failure to file a motion for a new trial within the term at which the verdict, report, or decision was rendered, be excused by showing that the delay was unavoidable?"

The court then proceeded to review the decisions that were claimed to be in conflict, and adhered to the original holding announced in said cause.

Under the foregoing decisions and constructions of this statute, we are of the opinion that the plaintiff in error was not deprived of any legal right that it might have had by the action of the trial court in refusing to vacate the judgment complained of in this action; but, on the contrary, we are of the opinion that the plaintiff in error had a plain and adequate remedy by filing a motion for a new trial in said cause on discovery that said judgment had been rendered, and the plaintiff in error was entitled to have said motion reviewed by the trial court, and, if the trial court held adversely

to its contention, then it had a right to appeal from the action of said court by petition in error to this court and have the same reviewed, and, if the evidence warranted the trial judge in vacating the judgment in this action, it would have also warranted him in granting the plaintiff in error a new trial in case No. 1434 in the district court of Washita county.

Finding no error in the record, we are of the opinion that the judgment should be affirmed.

By the Court: It is so ordered.