### RONNE v. HIRSH.

No. 8087—Opinion Filed Jan. 13, 1919.

(178 Pac. 88.)

(Syllabus.)

**Judgment Affirmed.**

Affirmed upon the authority of Ewert v Wills et al., 72 Okla. ——, 178 Pac. 87.

Error from District Court, Tulsa County: Conn Linn, Judge.

Action by J. K. Ronne against Manuel Hirsh. Judgment for plaintiff, and he brings error. Affirmed.

Dillard, Herndon & Dillard, for plaintiff in error.

Aby & Tucker, for defendant in error.

MILEY, J. This action was commenced by plaintiff in error, as plaintiff below, to recover of defendant in error, as defendant below, damages for breach of contract. Pursuant to instruction to return a verdict in favor of plaintiff for a nominal sum, the jury fixed the amount of plaintiff's recovery at $1, for which judgment was rendered, to reverse which this proceeding is prosecuted. The only errors urged for reversal are those of law occurring at the trial. The defendant in error objects to the consideration thereof upon the ground that no motion in writing for a new trial was filed in the court below

within three days, as prescribed by statute. It is well settled that, to secure a review in this court of alleged errors of law occurring at the trial, it is necessary that a timely motion for a new trial be filed, the adverse ruling thereon excepted to and assigned as error in the petition in error.

The record discloses that the verdict of the jury was returned on November 11, 1915. Counsel for plaintiff thereupon asked in open court in the presence of counsel for defendant that motion for new trial be considered, filed, and that formal motion be allowed to be filed later, and that said motion be overruled, and that plaintiff be given on extension of time to file and serve a case-made. No objection was made by defendant, and the court thereupon ordered that motion for new trial be considered, filed, and overruled, and an extension of time was granted in which to make and serve case-made. The journal entry of judgment was filed and entered November 19, 1915, which recited that on the 11th day of November plaintiff filed motion for a new trial, which being considered by the court was overruled, and to which ruling the plaintiff excepted. On the same date the written motion for a new trial was filed. The case-made recites that the same was by leave of court indorsed by the clerk: "Filed 11-19-15 as of Nov. 11-1915, Frank Ingraham, Court Clerk, by R. L. Lawe, Deputy." Such being the state of the record, the objection of the defendant in error to the consideration of the assignments urged in the brief must be sustained upon the authority of Ewert v. Wills, No. 8241, 72 Okla. ——, 178 Pac. 87, this day decided by the court in an opinion by the Chief Justice. The only difference in that case and this is that in this, while the record discloses that motion for new trial was actually filed more than three days after the verdict was returned, the same was indorsed by the clerk as above stated, but the decision in the other case cannot be distinguished for that reason. It is well settled that the trial court has not the power within the three days to extend the time for filing motion for new trial beyond the time allowed by statute and of course it follows that the judge has not the power to allow a motion for new trial to be filed after the expiration of the time allowed.

No errors which we can consider having been presented in the brief, the judgment of the court below is affirmed.

All the Justices concur.