## NEW et al. v. ELLIOTT.

No. 10784—Opinion Filed Nov. 21, 1922.

Rehearing Denied Jan. 16, 1923.

(Syllabus.)

1. **Appeal and Error — Necessity for Exceptions.**

Errors alleged to have occurred in the lower court, unless the same are excepted to, will not be considered on appeal in the Supreme Court.

2. **Judgment — Default — When Justified.**

Where a party had been regularly served with summons and the time fixed for answer in said summons has passed, and the party has filed no answer or pleading nor entered an appearance, it is not error for the court to adjudge the defendant in default.

3. **Appeal and Error— Discretion of Lower Court — Refusal to Vacate Default Judgment.**

Where a trial court has refused to open a judgment for default and permit the defendant to show his defense, this court will inquire as to whether the court has abused its discretion.

4. **Same.**

The defendants were sued as receivers of a railroad company for damages for killing stock and filed a motion to quash the summons for the reason they were sued in their individual capacity, but made no appearance as receivers. The motion to quash was overruled, and the attorney stated he did not desire to enter any appearance for the receivers. The time for pleading or answering having expired, the court adjudged the defendants in default and set the case for trial 18 days thereafter. On the day the case was set for trial, defendants filed a motion to set aside the default and asked permission to file an answer, which was denied, and the attorney for defendants refused to participate in the trial of the case. Held, under these facts,

the conduct of the attorneys was such that it was not an abuse of discretion to refuse to vacate the judgment when there was no showing made why the answer or pleading had not been tendered sooner.

**5. Railroads — Statutory Duty to Fence Right of Way.**

It is the duty of every person or corporation owning or operating a railroad in Oklahoma to build and maintain a lawful fence along its right of way, except at public highways and station grounds, under and by virtue of sections 1435 and 1438, Revised Laws 1910.

**6. Same — Liability for Stock Killed on Track.**

Where stock goes upon the right of way and is injured on account of the failure of the company to maintain such lawful fence, it is liable for stock killed or injured by its trains, regardless of negligence in the running or management of its trains.

' Error from County Court, Pontotoc County; Orel Busby, Judge.

Action by W. M. Elliott against Alexander New and Henry C. Ferris, receivers of Missouri, Oklahoma & Gulf Railway Company, for damages for killing stock. Judgment for plaintiff, and defendants bring error. Affirmed.

John M. Taylor, for plaintiffs in error.

Robt. Wimbish and W. C. Duncan, for defendant in error.

McNEILL, J. This action was commenced in the county court of Pontotoc county by W. M. Elliott against Alexander New and Henry C. Ferris, receivers of the Missouri, Oklahoma & Gulf Ry. Company, for damages for certain stock killed by defendant's train on the right of way of the defendant company. Summons was issued and served upon the depot agent in Pontotoc county. Upon the 11th day of November, 1918, Alexander New and Henry C. Ferris filed a special appearance and alleged that the action was instituted by Elliott against them in their individual capacity and the summons was directed to them as receivers of the M., O. & G. R. Co. and was served upon said Alexander New and Henry C. Ferris, receivers of the M., O. & G. R. Co., and that the summons was not issued, served, or returned as provided by statute. This motion came on for hearing on the 9th day of January, 1919, and the plaintiff appeared by his attorneys, Wimbish & Duncan, and the defendants appeared by B. H. Epperson. The court sustained the motion as to the defendants New and Ferris individually, and the journal entry recites that the attorney stated in open court that he did not wish to make any appearance for the said Alexander New and Henry C. Ferris as receivers

of the M., O. & G. R. Co. The court then entered a default judgment against said defendants as receivers and set the trial of the case for January 27, 1919. On January 11th the defendants as receivers, through their attorneys, B. H. Epperson and Jones & Foster, filed a motion for new trial.

On January 27, 1919, the day said case was set for trial, the defendants, by Ed Jones and B. H. Epperson, attorneys, filed a motion to vacate the default judgment, which motion was sworn to by L. W. Randolph, alleging he was one of the attorneys for the defendants. Motion to vacate the default judgment was overruled. To which ruling the defendants excepted, the case proceeded to trial to the court without a jury, and L. W. Randolph, who had sworn to the motion as an attorney for defendants to vacate the judgment, objected to the introduction of certain evidence in the following manner:

"L. W. Randolph: We object; he is not qualified. Objection overruled by the court. Mr. Wimbish: If they are going to appear in this case, I want a jury. Mr. Randolph: We are not appearing."

At the close of the evidence the court rendered judgment for the plaintiff and against the defendants. The defendants excepted and filed a motion for new trial, which was overruled, exception taken, and appeal prosecuted to this court. The petition in error and the brief alleged numerous assignments of error.

In the brief it is first alleged that the court erred in overruling the motion to quash service of summons as to the defendants as receivers. The record fails to disclose that any exception was taken to this ruling of the court, and therefore it will not be considered by this court. See McKee v. Jolly, 72 Oklahoma, 178 Pac. 656. Nor have plaintiffs in error cited any authorities to support the contention that the service was defective.

It is next contended that the court erred in entering judgment by default against the defendants . This contention is not well taken, for the reason the time to answer had expired, and the journal entry recites that the attorney appearing for Alexander New and Henry O. Ferris in their individual capacities, being present in court, stated that he did not wish to make any appearance for the said defendants as receivers. Under this state of facts, the defendants as receivers being in default, there was no error in entering default against them.

It is next contended that the court erred in overruling defendants' motion to vacate the default judgment and the overruling

of the motion amounted to an abuse of discretion of the trial judge. The courts as a general rule are very liberal in permitting the defendants to set aside a default and granting the defendants permission to answer, especially when any valid reason is assigned therefor. The record in this case presents a peculiar state of facts. The defendants as receivers, on January 9th, had filed no pleadings. The attorney who appeared for them in their individual capacity advised the court that he would make no appearance for the defendants as receivers. This attorney knew the court on said day rendered a default against the receivers, and knew the court set the case for trial on January 27th. The receivers made no attempt to set aside said default or file an answer until the day of the trial, and upon said day this same attorney filed a motion to set aside the default judgment, and asked permission to file an answer. The only ground alleged for setting aside said default or excuse for not filing the answer in time was that the court when overruling the motion to quash the summons treated the motion as a motion of the receivers, and that upon overruling the motion to quash the court did not grant the receivers time in which to plead. The general rule and practice is, when a motion or demurrer is overruled, to grant the defendants time to plead, but this could not be expected when the attorney stated he did not desire to enter an appearance for the receivers, but was only appearing for the receivers in their individual capacity. The defendants then waited until the day the case was set for trial and presented a motion to set aside said default and asked permission to file an answer. In this motion they did not ask to file the answer without prejudice to trial, nor do they offer any excuse for not answering sooner. If they had requested the court to permit them to file an answer without prejudice to trial, it might have been granted, but this they did not do. The record further disclosed that the attorneys objected to certain evidence introduced in the trial of the case, and the attorney again stated that he was making no appearance. Under this state of the record we do not think that it can be said that the court abused its discretion, because the record disclosed the conduct of the attorneys was at all times an attempt to keep from making an appearance in the case, and instead of preparing for trial, they waited until the case was set for trial, and then asked to file an answer and offered no excuse for their delay.

In support of plaintiffs in error's contention they relied upon the following cases: Hodges v. Alexander, 44 Okla. 598, 145 Pac. 809; C., R. I. & P. Railway Co. v. Eastman, 26 Okla. 605, 110 Pac. 887; C., R. I. & P. Railway Co. v. Reese, 26 Okla. 613, 110 Pac. 1071. These cases correctly state the law, but the facts in those cases are different, as a valid reason was given in each case to set aside the default, but in the case at bar no reason is assigned for the neglect to file an answer or enter an appearance in the proper time or why the answer was not tendered prior to the date the case was set for trial.

It is next contended that the court erred in assessing the amount of damages and the evidence is insufficient to establish liability for killing or injuring the animals. An examination of the evidence discloses there was sufficient evidence to support the judgment that the stock was killed upon the right of way, and the stock got upon the right of way by reason of the fence being down and in places no fence. Under and by virtue of sections 1435 and 1438, Rev. Laws 1910, as construed by this court in the case of St. L., I. M. & S. Ry. Co. v. Dawson, 57 Okla. 655, 157 Pac. 751 and C., R. I. & P. Co. v. Westheimer & Daube, 44 Okla. 287, 144 Pac. 386, the evidence is sufficient to sustain the judgment of the court.

It is next contended that the court erred in rendering judgment against the defendants by default on plaintiff's evidence, because there was a motion previously filed by defendants and undisposed of. The records fail to disclose that any exception was taken to the action of the lower court, nor was the question ever presented to the trial court; therefore the same will not be considered by this court. See McKee v. Jolly, supra.

There being no error in the record, and there being sufficient evidence to support the judgment of the court, the same is affirmed.

KANE, JOHNSON, MILLER, KENNAMER, and NICHOLSON, JJ., concur.