## CORNISH et al. v. SANDERS.

No. 19578.   Opinion Filed Sept. 25, 1928.

(Syllabus.)

**Appeal and Error—New Trial—Statutory Provision as to Time of Filing Motion Mandatory.**

Section 574, C. O. S. 1921, requiring a motion for new trial to be filed within three days after verdict, is mandatory; and, in the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified in said statute, this court cannot consider it, or review the errors occurring at the trial. Philbrock v. Home Drilling Co., 117 Okla. 266, 246 Pac. 457.

Error from District Court, Cherokee County; J. T. Parks, Judge.

Action between Narcissa Cornish et al. and James S. Sanders. From the judgment, the former bring error. Dismissed.

W. R. Banker, for plaintiffs in error.

Bruce L. Keenan, for defendant in error.

PER CURIAM. This is an appeal from the judgment rendered in the district court of Cherokee county, on the 21st day of December, 1927. Motion for new trial was filed on January 4, 1928, which motion was by the court overruled February 6, 1928. The defendant in error has filed herein his motion to dismiss the appeal for the reason the motion for new trial was not filed within the time required by section 574, C. O. S. 1921, which is as follows:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

The motion for new trial filed in the court below does not assign as grounds therefor any newly discovered evidence, or impossibility of making case-made, nor is there any showing set forth therein that the plaintiffs in error were unavoidably prevented from filing this motion within the time prescribed by the above section. The record is silent as to whether or not any evidence was introduced showing the plaintiffs in error were unavoidably prevented from filing said motion within the time, and the court made no finding thereon, as shown by the order overruling the motion for new trial. In the case of Philbrock v. Home Drilling Co., 117 Okla. 266, 246 Pac. 457, the court laid down the rule as follows:

"Section 574, C. O. S. 1921, requiring a motion for new trial to be filed within three days after verdict, is mandatory; and, in the absence of a showing that the party filing it has been unavoidable prevented from filing it within the time specified in said statute, this court cannot consider it or review the errors occurring at the trial."

The court in that case follows the rule laid down in the cases of Bowers v. Cheever, Adm'r, 95 Okla. 71, 218 Pac. 698; Ronne v. Hirsh, 71 Okla. 311, 178 Pac. 88, and Ewert v. Wills, 72 Okla. 23, 178 Pac. 87. See, also, the case of Roberts v. Seals, 43 Okla. 467, 143 Pac. 199, and Farmers' Grain & Supply Co. v. Isaac, 60 Okla. 26, 158 Pac. 562.

The plaintiffs in error in their response to the motion to dismiss call our attention to the cases of Riley v. Robertson, 29 Okla. 181, 155 Pac. 877, and Aetna Building & Loan Ass'n v. Smith, 73 Okla. 83, 175 Pac. 833. In the case of Riley v. Robertson, supra, the court in the opinion said:

"Obviously the trial court found as a fact that the plaintiff in error was unavoidably prevented from filing his motion for a new trial at the term at which the verdict was returned, and for that reason he refused to strike the motion from the files. We are not prepared to say that he erred, as there was evidence reasonably tending to show the unavoidable prevention of its filing within time."

No such condition is shown by the record in this case. No evidence was introduced attempting to excuse the failure to file the motion within the time required by section

574, supra. In the case of Aetna Building & Loan Co. v. Smith, supra, the appeal to this court was based upon the action of the trial court in denying a petition to vacate and set aside the judgment on the grounds of unavoidable casualty and misfortune which prevented the defendant from defending in the action, thereby presenting an entirely different state of facts, and the rule laid down in that case has no bearing upon the case at bar. Following the rule laid down in the case cited, which holds that the requirement of the statute that the motion for new trial must be filed within three days after the verdict or decision of the court is mandatory, and that unless the showing is made that the parties filing it were "unavoidably prevented from the filing thereof within the time specified in such statute, this court cannot review the errors occurring at the trial. The motion to dismiss the appeal herein is hereby sustained, and the appeal is dismissed .

Note.—See 3 C. J. p. 960, §849; p. 966, §862.