## In re WELFELT'S ESTATE.
### HAMRICK, Adm'r, v. HARRIS, Ex'r.

No. 21014. Opinion Filed March 4, 1930.

T. G. Cutlip and W. M. Cutlip, for plaintiff in error.

H. P. White and Arrington & Evans, for defendant in error.

PER CURIAM. This is an appeal from a judgment rendered on the 16th day of April, 1929, in the district court of Pottawatomie county.

The cause is now before the court on a motion to dismiss the appeal upon the grounds the motion for new trial was not filed within the time allowed by law.

The record discloses the motion for new trial was filed April 22, 1922, which was not within the 3 days as required by section 574, C. O. S. 1921. No excuse is presented why the motion for new trial was not filed within the 3 days after the decision and judgment of the court. This court cannot, therefore, review the alleged errors occurring at the trial of the cause. Southern Mutual Life Ins. Co. v. Williams, 135 Okla. 239, 275 Pac. 343; Cornish v. Sanders, 132 Okla. 296, 270 Pac. 563; Showalter v. Hampton, 122 Okla. 192, 253 Pac. 105; Philbrock v. Home Drilling Co., 117 Okla. 266, 246 Pac. 457. The plaintiff in error in his response to the motion to dismiss urges that the appeal cannot be dismissed until an opportunity is given to amend the case-made as provided

in section 786, C. O. S. 1921. No such construction has ever been placed upon this statute by this court, nor is it susceptible of such construction as applied to the condition of the case at bar. Said section applies only where there is an omission of the matter from the record or matters are insufficiently stated therein. There is no contention that anything is omitted from this record or that matter is insufficiently or even incorrectly stated therein. The plaintiff in error admits the motion for new trial was not filed until April 22, 1929, but relies upon the fact as shown by the record that the precedent for journal entry was not filed until April 19, 1929. The journal entry of judgment shows the judgment was rendered on the 16th day of April, 1929, and the date of the filing of the instrument signed by the judge and labeled "Journal Entry" is immaterial.

Though the record in this case was properly certified as a transcript, the court does not have jurisdiction to review any of the alleged errors presented in the petition in error, for the reason the motion for new trial, had it been filed in time, is no part of the record that may be presented by transcript and does not extend the time in which to appeal by transcript. The appeal was lodged in this court January 2, 1930, more than six months after the date of the final judgment. Brigham v. Davis, 126 Okla. 90, 258 Pac. 740. An appeal cannot be taken in this cause from the order overruling the motion for new trial, for the reason the motion for a new trial was not filed within three days next after the date of the rendition of the judgment in the trial court.

For the reason herein set forth, the motion to dismiss the appeal is sustained and the appeal is dismissed.