## D. M. GRIFFIN, Respondent, v. WABASH RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, February 6, 1905.

1. **TRIAL PRACTICE: Nunc Pro Tunc Order: Motion for New Trial.** Where a motion for *nunc pro tunc* order to show the filing of a motion for a new trial, shows that the the latter motion was filed in vacation, it precludes the granting of the order.

2. ——: ——: ——. A verbal understanding between the counsel and the court can not supply a record authorizing a *nunc pro tunc* entry.

3. ——: ——: ——: **Bill of Exceptions.** The recitations of a bill of exceptions in regard to filing motion for new trial will not justify the court in making a *nunc pro tunc* entry to that effect, when other entries show it not to be true.

4. ——: **Motion for New Trial: Record Proper.** The filing of a motion for new trial must be found in the record proper.

Appeal from Macon Circuit Court.—*Hon. N. M. Shelton,* Judge.

AFFIRMED.

*Geo. S. Grover* for appellant.

*John T. Barker* for respondent.

ELLISON, J.—Plaintiff instituted an action against defendant for alleged negligent delay in the shipment of a lot of cattle from Love Lake, Missouri, to Chicago, Illinois. There was a judgment for plaintiff in the trial court.

The record does not show that there was any motion for new trial or in arrest of judgment filed. The bill of exceptions, however, does recite that those motions were filed in due time at the March term, 1903,

of the Macon county circuit court, at La Plata. Afterwards, at the November term of that court, defendant filed its motion for a *nunc pro tunc* order of record showing the filing of such motions. The trial court heard the motion and refused the order. Thereupon defendant again appealed.

It appears from defendant's motion for the *nunc pro tunc* order that the motions for new trial and in arrest were not in fact filed on March 20th, but on March 25th. It further appears from the record that the court adjourned for the term on March 21st. It further appears from the endorsement of filing made by the clerk on the back of the motions that they were filed "as of March 20th" 1903 on "March 25th, 1903, by order of court."

Without going further into the record, it is apparent that the court properly refused the order for a *nunc pro tunc* order filing the motions for new trial. The motion for the order itself precludes a right to the order. It shows that the motions were in fact not filed until the 25th of March which was in vacation of court. It alleges that in accordance with what had frequently been done, the parties agreed and the court consented, that the record should show the filing of the motions within proper time and of their being overruled in term. Such verbal understanding can not supply a record of this nature. The case stands before us, not only with no record entry of the filing of a motion for new trial and in arrest, within the term and within four days of the verdict, but it affirmatively appears that in fact they were not filed.

The fact that the bill of exceptions recites the proper filing of the motions would not justify the trial court in making the *nunc pro tunc* order desired. Other record entries showed this not to be true. The motions for the order showed it was not true and so did the endorsement of the clerk on the back of the motions.

It has been frequently ruled by the Supreme Court

and the two courts of appeals, as shown by authorities cited by plaintiff's counsel, that the evidence of a filing of a motion for new trial must be found by recitation in the record proper. It follows that such recitation in the bill of exceptions will not suffice.

We are therefore. left without a bill of exceptions to support the appeal. And finding no error in the record proper, we affirm the judgment. All concur.