ROBERT A. GAFFNEY v. ALBERT CLINE *et al.*

(Filed September 5, 1907.)

(91 Pac. 855.)

1.  APPEAL—Review—Sufficiency of Evidence. A judgment will not be reversed by this court on account of the insufficiency of evidence, when the evidence reasonably supports the same.

2.  SAME—Findings of Trial Court—Case. When a trial court, in a case tried to it without a jury, finds that one of the parties was guilty of fraud and undue influence, and that the other party was incapable of contracting by reason of being intoxicated at the time, and the evidence reasonably supports such findings, they will not be disturbed by this court on appeal, on the theory that they are against the weight of the evidence.

3.  TRIAL—General Findings. A general finding for a party to an

action is equivalent to finding in his favor each fact in issue in the case.

(Syllabus by the Court.)

*Error from the District Court. of Logan County; before Jno. H. Burford, Trial Judge.*

Affirmed.

*Cotteral & Hornor,* for plaintiff in error.

*Martin, Tibbetts & Green,* for defendants ·in error.

Opinion of the court by

BURWELL, J.: Robert Gaffney, on November 4, 1903, traded to Albert Cline lots numbered seven and eight in block numbered six in West Guthrie, Logan county, for a farm of eighty acres, described as follows: The north one-half of the southwest quarter of section twenty-nine, in township seventeen north, of range one west, in Logan county. The deeds of the respective parties were executed and delivered to P. Jelsma, who was to hold them, as well as a note for three hundred sixty-seven dollars and sixty-seven cents, and a mortgage on the farm land executed by Gaffney to Cline for the difference in the trade, to be held by Jelsma until abstracts were furnished. These papers were sealed up in an envelope upon which was endorsed by the parties the following: "Deliver these papers when called for by R. A. Gaffney or Albert Cline as soon as abstracts show title as per deeds." Jelsma having refused to deliver the papers conveying the eighty acres of land to Gaffney, the latter commenced an action to compel him to do so. Cline filed an answer, which was a general denial, and also alleged fraud and undue influence, and claimed that at the time the papers were executed he was intoxicated and incapable of making a legal contract. The answer contains other defenses, but we will not discuss them, although they have been considered. The court rendered judgment for Cline and against Gaffney for costs, denying plaintiff any relief, and ordered Jelsma to return to Gaffney and Cline the papers executed by them, respectively.

The record really presents the question as to whether or not

the evidence supports the judgment. We think it reasonably supports it, and therefore must affirm the same. The court evidently concluded that Jelsma, who Cline alleged pretended to act as his agent, conspired with Gaffney to cheat and defraud Cline out of his farm, and that Jelsma tried to get Cline drunk for that purpose. That Cline was drunk there can be no doubt under the evidence, and as to whether or not he was intoxicated to that extent that he was incapable of making a legal contract this court will take the finding of the trial court, it being reasonably supported by the evidence. The whole transaction has the earmarks of a sharp deal and a combination of effort on the part of Gaffney and Jelsma to take advantage of Cline's intoxicated condition; and it is just that they be denied the fruits of such conduct.

The judgment of the lower court is hereby affirmed, at the cost of the appellant.

Burford, C. J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.