DAVIS, *County Treasurer*, v. FIRST STATE BANK OF NORMAN *et al.*

No. 5609.    Opinion Filed October 5, 1915.

(152 Pac. 122.)

**APPEAL AND ERROR—Trial—Finding by Court—Conclusiveness.**
Where the evidence is oral and conflicting and the court's finding of fact is general, it is a finding of every special thing necessary to sustain the general finding, and is conclusive upon the appellate court upon all doubtful and disputed questions of fact, having the same force as such a finding by a jury.

(Syllabus by Mathews, C.)

*Error from District Court, Cleveland County;*
*R. McMillan, Judge.*

Action by R. S. Davis, as treasurer of Cleveland County, against the First State Bank of Norman, Okla., and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*J. D. Grigsby* and *James M. Gresham,* for plaintiff in error.

*W. L. Eagleton* and *W. M. Newell,* for defendant in error First National Bank of Norman.

*J. B. Dudley* and *Ralph C. Hardie,* for defendant in error First State Bank of Norman.

Opinion by MATHEWS, C. This was an action instituted in the name of the treasurer of Cleveland county for the recovery of taxes assessed against the First State Bank of Norman, for the year 1911. The First State Bank of Norman, in February, 1911, entered into negotiations with the First National Bank of Norman to sell and transfer its entire assets to the said First National Bank. This controversy arose over the exact time when said negotiations were actually consummated, and the said assets became the property of the said First National Bank. The plaintiff contends that the First State Bank was not liquidated, and that its assets were not transferred to the said First National Bank until the 1st or possibly the 2d day of March, 1911, and, as the taxing period was the 1st day of March, therefore the assets of the said First State Bank were properly assessed against the said First State Bank for the year 1911; while the defendants contend that the said First State Bank was duly liquidated on the 28th day of February, 1911, and that on that date its entire assets were sold to and taken over by the said First National Bank, and therefore there was nothing in existence on the 1st day of March, 1911, to assess against the said First State Bank. Upon the issues thus joined, a jury being waived, the matter was tried to the court, and after hearing the evidence submitted by each side in support of their contentions, the court found in favor of the defendants, and plaintiff has appealed.

The case is here solely upon a question of fact, the plaintiff contending that the findings of the trial court are not supported by the evidence. There are more opinions upon this one phase of a lawsuit than any other,

and the opinions thereon are more uniform than upon any other. We realize that in the heat of a partisan controversy it is but natural, when the trial court renders an unfavorable opinion against an attorney who thinks that there is no merit in the case except upon his side of the controversy, for the attorney to at once arrive at the conclusion that justice has not been done, and he proceeds to bring his case here for redress. Before doing so, if he would calmly consider the fates of those before him who have resorted to the same forum for the purpose of having this court reverse the trial court upon his findings of fact, as disclosed by a numerous and unbroken line of decisions, he would most probably forego an appeal on a question of fact, which must inevitably result in failure.

It can serve no good purpose to review here the evidence in this case, but we will say that we have carefully read and considered the same, and we are of the opinion that it abundantly supports the findings of the lower court. In fact, the court could have arrived at no other conclusion, as we see it.

"It is a settled rule of this court that, where a cause is tried without the intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support the findings of the trial court, such findings will not be disturbed on the weight of the evidence, and when the finding is general, it includes all facts necessary to support the claims of the party in whose favor the judgment is rendered, and upon appeal this court will not review the evidence if it reasonably tends to support the issues upon which such finding is made, to determine the sufficiency thereof. *Hunter Realty Co. et al. v. Spencer*, 21 Okla. 155, 95 Pac. 757, 17 L. R. A. (N. S.) 622; *Lookabaugh v. Bowmaker*, 21 Okla. 489, 96 Pac. 651; *Saxon v. White*, 21 Okla. 194, 95 Pac. 783;

*Brewer v. Black,* 5 Okla. 57, 47 Pac. 1089; *Meyer Bros. Drug Co. v. Kelley,* 5 Okla. 118, 47 Pac. 1065; *Craggs et al. v. Earls,* 8 Okla. 462, 58 Pac. 637; *Vandenberg v. Walton Lbr. Co.,* 19 Okla. 169, 92 Pac. 149; *Gaffney v. Cline' et al.,* 19 Okla. 197, 91 Pac. 855; *Dunlap v. Stannard,* 19 Okla. 232, 91 Pac. 845."

The judgment should be affirmed.

By the Court: It is so ordered.