**STATE ex rel. PITMAN, Co. Atty., v. BOWLING et al.**

No. 12863—Opinion Filed March 13, 1923.

(Syllabus.)

**1. Appeal and Error—Review — Sufficiency of Evidence.**

This court, in the exercise of its appellate jurisdiction in law cases, reviews only alleged errors of law. Where the insufficiency of the evidence to support the verdict or finding is assigned as error, a review or examination of the evidence becomes necessary for the purpose of determining, as a question of law, the correctness or the incorrectness of the action of the trial court in its ruling thereon.

**2. Same — Motion for New Trial — Sufficiency.**

Where the trial court, on request of a party, makes separate findings of fact and conclusions of law, this court cannot review the sufficiency of the evidence to support the findings, unless a motion for new trial is filed as provided by the statute, and exception duly saved as to the adverse ruling of the court thereon, and the same assigned as error in the petition-in-error.

**3. Same—Time for Motion.**

Sections 5035 and 5036, Rev. Laws 1910, requiring a motion for a new trial to be written and filed within three days, are mandatory, and in the absence of a showing that the party filing it has been unavoidably prevented from doing so within the three-day period, this court cannot consider it or review the errors occurring at the trial.

**4. Same.**

Where, in entering his findings of fact and conclusions of law, a statement by the trial court, "Motion for new trial considered filed, heard and overruled, to which plaintiff excepts," is made, and no motion is actually filed for several months thereafter,

and no showing is made that its filing has been unavoidably prevented, this court cannot review the errors presentable thereby.

**5. Same—Dismissal of Appeal.**

Where the trial court makes separate findings of fact and conclusions of law, and there is no contention that the conclusions of law are incorrect and no motion for a new trial is filed within three days after the findings and judgment of the trial court, the appeal will be dismissed.

Error from District Court, Pottawatomie County; E. F. Lester, Assigned Judge.

T. G. Cutlip, for plaintiff in error.

Abernathy & Howell, for defendants in error.

Quo warranto by the state, on the relation of Clyde G. Pitman, County Attorney of Pottawatomie County, against T. J. Bowling and others, school district officers. Judgment for defendants, and plaintiff brings error. Dismissed.

BRANSON, J. The plaintiff in error in this cause was plaintiff below, and the defendants in error were the defendants below. They will be referred to respectively as the plaintiff and the defendants, as they appeared in the district court.

On June 19, 1920, a petition was filed by the plaintiff in this cause against the defendants and consolidated school district No. 5. On August 9, 1920, an amended petition was filed, making the defendants T. J. Bowling, T. M. Kirk, and W. O. Germany the sole and only defendants therein.

This is an action in quo warranto, seeking a finding and judgment of the court that the proceedings instituted and carried on in April of 1920 for the formation of consolidated school district No. 5 in Pottawatomie county, Okla., were illegal to such an extent as to render the same void, and to oust the defendants, who are the officers of said school district, from their official positions.

The petition, in brief, recites that long prior to the 28th day of April, 1920, school districts 35, 38, and 57 of said county, lying adjacent to one another, existed under the law as bodies corporate, with all the functions and powers of school districts organized under the laws of the state. That the county superintendent of public instruction called a meeting in each of said school districts, on petitions alleged to have been signed by 50 per cent. of the qualified voters in said districts, as required by law, but that said petitions on which the said superintendent of public instruction issued the calls were not signed by 50 per cent. of the qual-

ified voters of said districts, and that notices were not posted or published as by law required, and that notices of the intended establishment or organization of the territory embraced in said districts into consolidated school district No. 5 of said county were not mailed to the legal voters as required by law, and that the said consolidated district No. 5 contains less than 25 square miles, and has an assessed valuation of less than $200,000.

The plaintiff further alleges that the proceedings of the county superintendent of public instruction by and under which a portion of district No. 60 had been detached therefrom and attached to consolidated school district No. 5 did not comply as to the petitions filed with him, notices, etc., with the requirements of the statute. Plaintiff further alleged that consolidated school district No. 5 was wrongfully and illegally established, and that said school districts 35, 38, and 57 were illegally and wrongfully disorganized, and that the defendants are not legally constituted officers of consolidated district No. 5, and that said district is not invested with the corporate powers, duties, and privileges of a legally consolidated school district, and the attempt of the said defendants to exercise said authority is without the law and wholly illegal and void. And that said defendants are attempting to exercise the power, duties, and privileges of school officers of said consolidated district, and that the defendants and each of them should be ousted from the exercise of any such power, duties, and privileges.

To this petition the defendants filed their answer, and pleaded all of the details as to the petitions filed with the county superintendent of public instructions by each of the school districts in question, as well as by that portion of school district No. 60 which was detached therefrom and attached to consolidated school district No. 5, the time when said petitions were filed, the number of the signatures appearing thereon, the orders of the county superintendent of public instruction the results of the meetings held in each district as to the desire of the voters thereon to form consolidated school district No. 5, etc.; and say that the relief sought by the plaintiff should be denied.

The matter came on for trial before the court on the 12th day of April, 1921, and the plaintiff and the defendants waived a jury. The court held that, under the allegations of the plaintiff's petition and the admissions of the defendants in their answer, the burden of proof was upon the defendants to show that they were properly holding the offices which in their answer they admitted they were holding. The evidence was heard by the court, a jury being waived; on the request of the defendants, the court made separate findings of fact and conclusions of law, which findings of fact and conclusions of law were separately entered on June 4, 1921.

The plaintiff in error makes 17 assignments of error, which require a review of evidence submitted in this case on which the court based its findings of fact. The findings of fact to which plaintiff in error excepted are very lengthy, but in substance and effect found that school districts 35, 38, and 57 were existing prior to April 28, 1919. That, beginning on April 3, 1920 the county superintendent received petitions from each of said school districts; that said petitions were signed by more than 50 per cent. of the qualified voters therein, requesting the said superintendent to call a meeting as provided by law in each of said school districts for the purpose of the voters determining whether or not said districts should be abolished and a consolidated school district should be formed, to be known as consolidated school district No. 5. That after petitions from each of said districts were filed, the said superintendent did, on the 10th of April, 1920, call a meeting of the legal voters of said districts, and that said notices were duly posted and mailed as provided by law, and that the majority of the votes in said meetings were cast for the formation of said consolidated school district, and that said defendants were elected as the officers thereof, and that the report of said meetings was duly filed in the office of the superintendent of public instruction, and that on April 28, 1920, the said superintendent did enter an order in writing, declaring school districts 35, 38, and 57 dissolved, and consolidated school district No. 5 of Pottawatomie county, Okla., formed.

The court further found that consolidated school district No. 5 had an assessed valuation of more than $200,000, and that it contained more than 25 square miles.

The court further found that certain residents of school district No. 60, constituting more than 50 per cent. of the voters thereof, duly petitioned that a certain part, described therein, of said school district No. 60 should be detached therefrom and added to said consolidated school district No. 5, and that when so detached, the said school district No. 60 had an area of not less than six square miles, and an assessed valuation of more than $50,000.

The court concluded, as a matter of law, that the petitions involved were in all respects sufficient, and that all the acts and steps taken in consolidating said districts and attaching thereto the territory formerly included in school district No. 60, were done and taken according to all the requirements of the law, and that said consolidated district No. 5 was legally formed, and said districts 35, 38, and 57 were legally disorganized, and that the defendants were the duly and legally elected officers of said school district and that the relator is not entitled to the remedy prayed for in his amended petition, and that said petition should be dismissed at the cost of the relator.

The record discloses that the plaintiff filed its motion for a new trial on the 4th day of November, 1921, or about six months after the findings of fact and conclusions of law. The argument of counsel for plaintiff in error in its entire scope goes to the question of the sufficiency of the evidence to sustain the findings of fact made by the trial court, on the questions raised by the pleadings, the sufficiency of the petitions of the said school districts, filed with the county superintendent of public instruction, on which he based the call for the district meetings, and the sufficiency of the evidence to sustain the notices required by the law to be given as a basis supporting the order of the county superintendent of public instruction disorganizing the school districts and forming the consolidated districts in question.

Ths court cannot review the sufficiency of the evidence to support the findings of fact and the conclusions of law of the trial court, except the alleged errors are taken and presented in the method provided by law. In this cause, the error should have been predicated upon the trial court's overruling the motion for new trial, in which motion for a new trial should have been incorporated the ground that "The findings and decision of the court are not sustained by sufficient evidence, and are contrary to law" (section 5033, subd. 6, Rev. Laws 1910).

Section 5035, Rev. Laws 1910, provides:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

Section 5036:

"The application must be by motion, upon written grounds, filed at the time of making the motion. * * *"

The record in this case discloses that on June 4, 1921, at the time the findings of fact and conclusions of law were entered by the trial court, counsel for plaintiff in error specifically entered his expectations to the findings of fact as made by the trial court, at the conclusion of which the trial court said:

"Exceptions allowed. Motion for new trial considered filed as of this date (June 4, 1921). Motion for new trial overruled."

To which ruling plaintiff in error excepted. Counsel for plaintiff in error says that this is a compliance with the statute requiring a motion for a new trial to be filed within three days, and that the mere fact that the court did not stamp the motion for new trial "filed" until November 4, 1921, does not alter the compliance with the statute evidenced by the statement of the court above set out.

This contention might be tenable, if the motion for new trial as found in the record had been actually filed with the court clerk within three days after the 4th day of June, 1921. But there is nothing in the record that indicates that the motion was actually filed on any date earlier than that shown by the filing mark of the clerk, and in the absence of a showing to the contrary, the date of filing as shown by the file mark on the written motion must be controlling.

The above quoted sections 5035 and 5036 are mandatory provisions of the law, and the mere fact that the trial court stated that motion for new trial was considered filed and overruled does not even purport to extend the three day limitation within which the written motion could be filed under the statute, and if it did purport to do so, it would have no legal force or effect.

There is, therefore, no alleged error of the trial court properly preserved by an exception to the order of the court overruling the motion for a new trial filed as provided by law, and consequently nothing before this court conferring jurisdiction to in any wise review or interfere with the judgment of the trial court.

There is no contention by the plaintiff in error that the conclusions of law from the facts found are incorrect, and under this state of the record, the alleged error of the trial court in holding that the evidence war-

ranted the findings not having been properly preserved, this court cannot review the same. J. R. Watkins Medical Co. v. Lizar et al., 78 Okla. 302, 190 Pac. 552, and cases therein cited.

It follows, therefore, that the appeal should be dismissed, and it is so ordered.

JOHNSON, V. C. J., and McNEILL, KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.