Note.—See under (1) 4 C J. p. 800 §2757; 31 Cyc. p. 399; 21 R. C. L. p. 572; 3 R. C. L. Supp. p. 1170; 4 R. C. L. Supp. p. 1421; 5 R. C. L. Supp. p. 1164. (2) 28 Cyc. p. 674; anno. 20 L. R. A. (N. S.) 110; 19 R. C. L. p. 1064; 3 R. C. L. Supp. p. 992; 5 R. C. L. Supp p. 1056. (3) 15 C. J. p 541 §233; p. 542 §235. (4) 4 C. J. p. 1164 §3181.

---

### MUSE et al. v. HARRIS.

No. 16741—Opinion Filed Dec. 7, 1926.

Rehearing Denied March 8, 1927.

(Syllabus.)

**1. Appeal and Error—Review—Necessity for Motion for New Trial in Time.**

A motion for a new trial upon the grounds that the judgment is not sustained by evidence and is contrary to law and for errors of law occurring at the trial and excepted to by the party complaining, must be filed during the same term the judgment is rendered. If the motion for a new trial for such reasons is not filed until after the term has ended and the court has finally adjourned, the Supreme Court cannot consider or review the errors alleged in the motion.

**2. Statutes—Ambiguity—Intent of Legislature Controlling.**

If a statute is susceptible of two interpretations, that should be adopted which will give the statute the effect evidently intended by the Legislature.

**3. Same—Courts—"Term" of Court Construed as "Session."**

In the Act of the Legislature of 1925 (chap. 15, Session Laws 1925), entitled "An Act providing for equity, motion or nonjury terms of the district courts of the state of Oklahoma, * * *" the word "term" is used in a sense of "session."

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by William O. Harris against Harry A. Muse and Mike LeMaster. Judgment for plaintiff, and defendants appeal, and plaintiff moves to dismiss the appeal. Appeal dismissed.

Bond, Melton & Melton, for plaintiffs in error.

J. C. Helms and Chas. H. Garnett, for defendant in error.

MASON, J. William O. Harris. as plaintiff, brought this action in the district court of Oklahoma county against Mike LeMaster and Harry A. Muse, as defendants, for the dissolution of an alleged partnership between the plaintiff and defendants, and for an accounting of said alleged partnership transactions pertaining to the drilling of an oil well in Grady county, Okla.

On May 2, 1925, judgment was rendered for plaintiff for $37,400. Motion for new trial was filed on May 5, 1925, and was heard and overruled on May 9, 1925. The defendants have filed their appeal in this court and have filed extensive briefs. The plaintiff below, defendant in error here, has filed his motion to dismiss said appeal for the reason that the motion for a new trial was not filed in the trial court until the next term after said judgment was rendered.

Section 3072, Comp. Stat. 1921, provides:

"The time of convening the regular terms of the district court in each county in the several district court judicial districts of the state shall be on the first Monday in each of the respective months hereinafter set out in this section after each of the respective counties, to wit: * * * District No. 13. In Canadian county, in January, May and September; in Oklahoma county, in January, May and September."

This court will take judicial knowledge of the fact that the first Monday of May, 1925, was on the 4th day of the month. The motion for a new trial, therefore, was not filed in the same term the judgment was rendered.

Section 574, Comp. Stat. 1921, provides:

"The application for a new trial must be made at the term the verdict, report, or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

We do not find that this court has passed on this question, but an identical section of the statutes of Kansas has been considered by the Supreme Court of that state, which has repeatedly held that the application for a new trial must be made at the same term the verdict, report, or decision is rendered. Earls v. Earls, 27 Kan. 538; Mercer v. Riner (Kan.) 19 Pac. 670; Powers v. McCue

(Kan.) 29 Pac. 686; Missouri Glass Co. v. Bailey (Kan.) 32 Pac. 894.

It is not alleged in the motion for a new trial that any new evidence had been discovered by the party applying. The motion was based on grounds that the decision and judgment of the court were not sustained by the evidence and were contrary to law and for errors of law occurring at the trial and excepted to at the time.

It is claimed, however, by the plaintiff in error that section 3072, supra, was repealed in part by chapter 15, Session Laws 1925, which provides:

"It is hereby made the duty of the several district judges of the district courts of the state of Oklahoma, to hold or cause to be held in each county of their respective districts, at least every 60 days. a motion, equity or nonjury term of court; the dates thereof to be fixed by the said judges respectively in their discretion."

The instant case being an equity case, it is contended that the foregoing act of the Legislature is applicable and controlling, rather than section 3072, supra, and, inasmuch as an equity term of court is authorized and provided for every 60 days and no definite date is fixed for said term, it will be presumed that said term was legally held and that the proceedings are valid.

Such contention is based on the use of the word "term" in the act referred to. The words "term" and "session" are not identical in meaning and have marked distinctions, yet they are often used as synonymous.

Thus. in Rakowski v. Wagoner, 24 Okla. 282, 103 Pac. 632, this court, in an opinion by Justice Williams, held that the word "term" was used in the sense of "session" in the act under consideration.

It is a well-settled rule of construction in determining the meaning of an act to consider the entire act in the light of its context. Can it be said that the Legislature in the act under consideration intended to change the "terms" of the district court? We think not. No specific time is fixed. It merely provides that such court as can be held without the intervention of a jury shall be held at least every 60 days. This was intended, no doubt, to secure speedy justice in small counties where nonresident district judges do not hold sufficient sessions of court to get the issues joined speedily and permit default judgments to be taken without delay.

We conclude that it was the intention of the Legislature to provide merely for additional "sessions" of the district courts, and

that the word "term" was used in the sense of "session."

As a motion for new trial was not filed during the term of the trial court at which the judgment was rendered as prescribed by section 3072, supra, we cannot consider or review the errors alleged in the motion for a new trial, or in the petition in error, which presents substantially the same grounds of error.

The appeal is dismissed.

NICHOLSON, C. J., BRANSON, V. C. J., and PHELPS, LESTER, HUNT, CLARK. and RILEY, JJ., concur.

Note.—See under (1) 3 C. J. p. 966, §862; 29 Cyc. pp. 929, 958. (2) 36 Cyc. p. 1106. (3) 15 C. J. p. 875, §217.