## BUSH v. CLAY et al.

No. 18022. Opinion Filed Jan. 18, 1927.

Opinion Withdrawn Jan. 25, 1927. Refiled as Opinion of the Court Feb. 28, 1928.

(Syllabus.)

**Appeal and Error—Review—Necessity for Motion for New Trial Filed During Term.**

A motion for a new trial upon the grounds that the judgment is not sustained by evidence and is contrary to law and for errors of law occurring at the trial and excepted to by the party complaining, must be filed during the same term the judgment is rendered. If the motion for a new trial for such reasons is not filed until after the term has ended and the court has finally adjourned the Supreme Court cannot consider or review the errors alleged in the motion

Appeal from District Court, Carter County; Asa E. Walden, Judge.

Action between Maud M. Bush and A. C. Clay et al. From the judgment, the former appeals. Appeal dismissed.

A. A. Kelly and Cruce & Potter, for plaintiff in error.

Thompson & Thompson, for defendants in error.

PER CURIAM. Judgment was rendered in the trial court on the 30th day of April, 1926. Motion for new trial was filed in the cause on the 3rd day of May, 1926.

The defendants in error have filed their motion to dismiss the appeal in this court for the reason the motion for new trial was not filed in the trial court during the term of court in which the judgment was rendered.

Section 3072, C. O. S. 1921, provides:

"The time of convening the regular terms of the district courts in each county in the several district court judicial districts of the state shall be on the first Monday in each of the respective months hereinbefore set out in this section, after each of the respective counties, to wit: * * * District No. 8. In Carter county in January, May, September and December."

The May term of the district court of Carter county begins on the first Monday in May, which day in the year 1926, this court will take judicial knowledge, was May 3, 1926, the day on which the motion for new trial was filed in the trial court. The term of court in which judgment was rendered on April 30, 1926, had expired. Therefore, the motion for new trial was not filed during the term of court in which judgment was rendered.

Section 574, C. O. S. 1921, provides:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and except for the cause of newly discovered evidence material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered unless unavoidably prevented."

The grounds set out in the motion for new trial filed in the trial court are all predicated upon the ruling of the trial court in rendering judgment contrary to the law and evidence, or upon alleged errors occurring at and during the trial of said cause, and do not come within the exceptions enumerated in section 574, supra.

This same question was before the court in the case of Muse v. Harris, 122 Okla. 250, 254 Pac. 72, wherein, under the same condition of the record as the case at bar, this court laid down the rule that:

"A motion for a new trial upon the grounds that the judgment is not sustained by evidence and is contrary to law and for errors of law occurring at the trial and excepted to by the party complaining, must be filed during the same term the judgment is rendered. If the motion for a new trial for such reasons is not filed until after the term has ended and the court has finally adjourned, the Supreme Court cannot consider or review the errors alleged in the motion."

In the body of the opinion the court said:

"As a motion for new trial was not filed during the term of the trial court at which the judgment was rendered as prescribed by section 3072, supra, we cannot consider or review the errors alleged in the motion for new trial, or in the petition in error, which presents substantially the same ground of error."

The petition in error in this cause presents alleged errors of the trial court the same as set forth in the motion for new trial, and upon the authority above cited the motion to dismiss should be and is sustained, and the appeal dismissed.

Note.—See 3 C. J. p. 966, §862; 4 C. J. p. 567, §2830; 29 Cyc. pp. 929, 939; 20 R. C. L. p. 303.