## LARKIN v. BARKER.

No. 19503. Opinion Filed Oct. 30, 1928.

Rehearing Denied Dec. 24, 1928.

M. E. Michaelson, for plaintiff in error.

Norman Barker, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Washington county rendered on the 31st day of December, 1927. A motion for new trial was filed on the 3rd day of January, 1928. The defendant in error has filed her motion to dismiss the appeal in this court, setting forth three grounds for dismissal, but we deem it unnecessary to notice but one of these grounds, and that is, that the motion for new trial was not filed in the trial court during the term of court in which the judgment was rendered. Section 3072, C. O. S. 1921, provides:

"The time for convening the regular terms of the district court in each county in the several district court judicial districts of the state shall be on the first Monday in each of the respective months hereinafter set out in this section after each of the respective counties to wit; * * * District No. 30, Washington county, in January, May and September.

The January term of the district court of Washington county begins on the first Monday in January, 1928, which day in the year 1928 was January 2nd, the day before the motion for new trial was filed in the trial court in this cause. The term of court in which the judgment was rendered on the 31st day of December, 1927, had expired, therefore, the motion for new trial was not filed during the term of court in which the judgment was rendered. Section 574, C. O. S. 1921, provides:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and except for the cause of. newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

The grounds in the motion for new trial filed in the trial court do not come within the exceptions enumerated in the foregoing section. This same question was before the court in the case of Bush v. Clay, 129 Okla. 272, 264 Pac. 821, and also the case of Muse v. Harris, 122 Okla. 250, 254 Pac. 72, wherein, under the same condition of the record as the case at bar, this court laid down the rule that:

"A motion for a new trial upon the grounds that the judgment is not sustained by evidence, is contrary to law, and for errors of law occurring at the trial and excepted to by the parties complaining, must be filed during the same term the judgment is rendered. If the motion for a new trial for such reasons is not filed until after the term has ended and the court has finally adjourned, the Supreme Court cannot consider or review the errors alleged in the motion."

In the body of the opinion in the case of Muse v. Harris, supra, the court said:

"As a motion for new trial was not filed during the term of the trial court at which the judgment was rendered as prescribed by section 3072, supra, we cannot consider or review the errors alleged in the motion for new trial, or in the petition in error, which presents substantially the same grounds of error."

The record in this case is certified to by

the court clerk as a transcript, and the plaintiff in error in his response to the motion to dismiss filed in this court contends that at least two of the specifications of error contained in petition in error may be reviewed on transcript and the errors therein alleged appear upon the judgment roll and that by reason thereof no motion for new trial was necessary to enable this court to review the same. The errors assigned in the petition in error are three in number: First, the judgment of the court is contrary to the special findings of fact made by the court; second, the court erred in rendering judgment against the plaintiff in error and for the defendant in error; third, the court erred in overruling the motion of plaintiff in error for new trial.

It is clear that the third assignment of error cannot be reviewed upon transcript, as only the record proper may be so presented. Brigham v. Davis, 126 Okla. 90, 258 Pac. 740; Davis v. DeGeer, 91 Okla. 112, 216 Pac. 157; Folsom v. Billy, 78 Okla. 146, 189 Pac. 288.

We find it unnecessary to determine whether or not the first and second assignments of error may be presented by transcript, for the reason that no exceptions were taken by the plaintiff in error to the special findings of fact made by the trial court, nor are there any exceptions taken to the findings of fact incorporated in the journal entry of judgment or to the judgment rendered in this cause. Price v. Preston, 103 Okla. 47, 229 Pac. 437; Security Benefit Ass'n v. Lloyd, 97 Okla. 39, 222 Pac. 544; New v. Elliott, 88 Okla. 126, 211 Pac. 1025; Elsea Bros. v. Killian, 38 Okla. 174, 132 Pac. 686.

Special findings of fact were requested by the plaintiff in error and by the court made as provided by section 556, C. O. S., 1921. This section provides that it shall not be necessary for the court to state its findings, except generally, unless one of the parties so request with the view of excepting to the decision of the court upon question of law involved in the trial. Plaintiff in error, not having excepted either to the findings of fact made by the court or to the application of the law thereto, waived the errors, if any made, to the application of the law, and the rules announced in the cases herein cited are applicable to this case.

Under the state of the record presented in this cause there is nothing before this court for review, and the appeal is dismissed.