**SOUTHERN MUTUAL LIFE INS. CO. v. WILLIAMS.**

No. 20146. Opinion Filed March 5, 1929.

240

an action wherein plaintiff in error was defendant. The parties are referred to herein as they appeared in the trial court.

The cause was tried to the court without a jury, and judgment rendered for the plaintiff. The journal entry of judgment, after stating the judgment and terms and conditions thereof, contained the following:

"Whereupon the defendant requested that its motion for new trial be considered as filed, which was by the court allowed, and thereupon the court ordered that the motion of the defendant for a new trial be considered as filed and by this court overruled, to which action of the court the defendant excepted, and its exceptions were by the court allowed. Whereupon it gave notice in open court to appeal to the Supreme Court and asked for time to prepare and serve case-made, and was by the court granted 90 days to serve case-made. * * *"

The motion for new trial was not on file in the office of the clerk at the time of the making of the order overruling motion for new trial, and the record discloses that the motion for new trial was filed on January 8, 1929. On the last-mentioned date the defendant made application to the trial court for an order nunc pro tunc permitting it to file the motion for new trial as of September 28, 1928. Upon this application the court made an order directing the court clerk to file said motion as of said date September 28, 1928. No excuse was presented why the motion for new trial was not filed within the term of the court at which the judgment was rendered and within three days after the decision and judgment of the court in the cause. The defendant in error has filed in this court her motion to dismiss the appeal for the reason motion for new trial was not filed within the time required by law. Under section 574, C. O. S. 1921, the application for new trial must be made at the term the decision is rendered, and except for newly discovered evidence shall be within three days after the verdict or decision was rendered unless unavoidably prevented. Section 3072, C. O. S. 1921, as amended by Session Laws of 1927, chapter 40, p. 61, provides the terms of court in Garvin county shall begin in January and June of each year. Where a motion for new trial is not filed within three days from date of the verdict of the jury or the judgment of the court, if the case is tried to the court and no showing is made that the party filing such motion was unavoidably prevented from filing same, the appeal will be dismissed. Showalter v. Hampton, 122 Okla. 192, 253 Pac. 105; Gibson v. Farmers & Merchants Bank of Boley, 108 Okla.

S. D. Williams and H. M. Shirley, for plaintiff in error.

R. E. Boling, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Garvin county rendered on September 28, 1928, in

268, 236 Pac. 420; Southern Surety Co. v. Hatch, 89 Okla. 76, 213 Pac. 728; State ex rel. v. Bowling, 89 Okla. 9, 213 Pac. 745; Cornish v. Sanders, 132 Okla. 296, 270 Pac. 563. The motion for new trial which sets forth therein as grounds therefor errors of law occurring at the trial must be filed during the term the judgment is rendered, and where such motion is not filed until after the term of court is ended and the court has finally adjourned, the Supreme Court cannot consider or review errors alleged in the motion. Bush v. Clay, 129 Okla. 272, 264 Pac. 821; Muse v. Harris, 122 Okla. 250, 254 Pac. 72. The motion for new trial filed in this cause presents as grounds therefor errors of the trial court occurring during the trial of the cause, and was not filed within three days after the decision and judgment of the trial court was rendered, nor was it filed until after the term of court had ended and the court finally adjourned.

The plaintiff in error has responded to this motion to dismiss and asserts therein that H. M. Shirley, one of the attorneys for the plaintiff in error, was in ill health and that he became sick immediately after the trial of said cause and so remained under the doctor's care and unable to transact ordinary business from the date of the trial until the middle of January, 1929, and pleads his condition of ill health as unavoidably preventing plaintiff in error from filing the motion for new trial within the time required by law. This condition was not 'presented to the trial court as an excuse for the delay in filing such motion. There is no finding of the trial court that the plaintiff in error was unavoidably prevented from filing the same. The question should have been presented . to the trial court, and not having been so presented, this court is not authorized to determine the question of unavoidable prevention when the cause is presented to this court on appeal for review of the action of the trial court. However, it appears that S. D. Williams also appeared in the trial of the cause as attorney for the defendant, and no reason is shown why he could not have performed such duty; in fact, his name appeared upon the motion for new trial as filed.

The defendant in the response further urges that the order entered on the 8th day of January, 1929, directing the clerk to file the motion as of September 28, 1928, and filing of the motion in pursuance of said order, the motion thus filed comes within the time specified in the statute. With this we cannot agree. This court in the case of

State ex rel. Pitman v. Bowling et al., 89 Okla. 9, 213 Pac. 745, announced the following rule:

"Where, in entering his findings of fact and conclusions of law, a statement by the trial court, 'Motion for new trial considered, filed, heard and overruled, to which plaintiff excepts,' is made, and no motion is actually filed for several months thereafter, and no showing is made that its filing has been unavoidably prevented, this court cannot review the errors presentable thereby."

See, also, Hargis v. Duncan, 102 Okla. 285, 229 Pac. 1116; McCommas v. Security State Bank, 122 Okla. 52, 250 Pac. 802; Singer v. Coley, 112 Okla. 28, 239 Pac. 594.

In 46 C. J., par. 278, page 203, is laid down the general rule that:

"According to some authority, in the absence of fraud, accident, or mistake, a motion for new trial cannot be entered nunc pro tunc after the term except where the court is authorized to extend or enlarge the time."

In the case of Griffin v. Wabash R. Co., 85 S. W. 111, the Court of Appeals of Missouri laid down the following rule:

"Where motions for a new trial and in arrest were not in fact filed until after the term, and after the time for filing had expired, it was immaterial that the parties had an oral understanding, to which the court consented, that the record should show the filing of the motion within proper time, and that they were overruled in term time.

"The fact that a bill of exceptions recited the proper filing of motions for a new trial and in arrest was insufficient to justify the trial court in making a nunc pro tunc order for the filing of such motions, where other record entries disclosed that the motions were not filed in time.

"A recitation of the filing of a motion for a new trial in the bill of exceptions, without a recitation in the record proper, is insufficient evidence thereof."

And also in the case of Beeler v. Sandidge, 49 S. W. 533, the Court of Appeals of Kentucky announced the rule to be as follows:

"Under Civ. Code Prac. 342, providing that the application for a new trial must be made at the term at which the decision is rendered and section 343, requiring that written grounds shall be filed at the time of making the motion, the court cannot, by an order nunc pro tunc at a term subsequent to that at which judgment was rendered, permit motion and grounds for new trial to be filed as of the date of the judgment, there being nothing on the record by which to amend."

We are unable to find any statute in this

242

jurisdiction authorizing the court to extend the time allowed by law for the filing of a motion for new trial, nor do we find authority in the statutes of this state for the entry of an order nunc pro tunc as presented in this cause, and applying the rules hereinbefore stated, we conclude that the motion for new trial in the cause under consideration was not filed within the time provided by law, and this court cannot consider errors alleged in the motion for new trial. The petition in error presents substantially the same grounds of error, and we therefore are not authorized to review the alleged errors presented to this court, and the appeal is dismissed.

Note.—See "Appeal and Error," 3 C. J. §862, p. 966, n. 36. "New Trial," 46 C. J. 262, p. 295, n. 25; §263, p. 296. n. 38; §271, p. 299, n. 16; §328, p. 330, n. 65; p. 331, n. 77.