## DOWNEY v. PROSSER.

No. 20179.   Opinion Filed July 7, 1931.

David L. Carter and W. R. Withington, for plaintiff in error.

J. F. King, for defendant in error.

ANDREWS, J.   The defendant in error, hereinafter referred to as plaintiff, instituted a suit in the district court of Kay county, Okla., against the plaintiff in error, hereinafter referred to as defendant, to recover a money judgment for the rental of real property under a written lease contract. The cause was tried to the court without a jury, jury having been waived, and the trial was concluded on the 3rd day of June, 1928. The cause was taken under advisement, and on July 2, 1928, the district court of Kay county, Okla., rendered judgment in favor of the plaintiff and against the defendant for the amount found due, to wit, $229.50.   On July 12, 1928, the defendant filed a motion for new trial on the following grounds: First, misconduct of the prevailing party; second, that the verdict is not sustained by sufficient evidence and is contrary to law; third, newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial; fourth, error of law occurring at the trial, and excepted to by the party making the application; and fifth, error of the court in overruling the demurrer to the evidence of the plaintiff.

It will be noted that, with the exception of the third ground set forth in the motion, all of the errors complained of occurred at the trial.   They may be reviewed only on a motion filed within three days after the judgment.   The motion for new trial was not filed within three days after the judgment, and, under the uniform holdings of this

court, the only ground set forth in the motion that may be considered is that of newly discovered evidence. The record shows no offer of proof of newly discovered evidence. There was no offer of proof thereof, and the defendant thereby waived that ground.

The motion for new trial was presented· to the trial court on September 4, 1928, and at that time there was presented an affidavit of the attorney for the defendant, in which he stated, in effect, that he was not present in court at the time the judgment was rendered on July 2, 1928; that he did not learn of the rendition of the judgment until along about July 11, 1928; that, on account of the court taking the case under advisement for a time, and the judgment having been rendered in his absence, he was unavoidably prevented from filing a motion for new trial within the period of three days. It will be noted that the motion for new trial was not based on the theory that the defendant was unavoidably prevented from filing his motion for new trial within the time provided by section 574, C. O. S. 1921. Treating the motion as having been amended by reason of the affidavit of the attorney for the defendant, we find therein no statement to warrant this court in reversing the judgment of the trial court refusing to grant a new trial. No unavoidable casualty was shown. Notice of rendition of the judgment, in the form of a letter of the attorney for the plaintiff, was mailed from Newkirk to the attorney for the defendant at Ponca City on the day of the rendition of the judgment. That letter was found by the attorney for the defendant in his office files, where it had evidently been placed by some employee of the attorney for the defendant. Under those circumstances, we cannot say that the trial court was in error in denying a motion for new trial on the ground that the defendant was unavoidably prevented from filing a motion for new trial within three days after the judgment was rendered.

The judgment of the trial court is affirmed.

The judgment of the trial court having been superseded, and the supersedeas bond having been certified to this court, and there being a motion filed herein by the plaintiff for judgment on the supersedeas bond, it is ordered, adjudged, and decreed by this court that judgment be, and it is, rendered against the defendant and the sureties on his supersedeas bond in the amount of the judgment of the trial court and the costs of this appeal, the journal entry of judgment to be submitted by the plaintiff for the signature of this court.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.