## WAGNER, Adm'r, v. BUIKEMA.

No. 25395.   April 17, 1934.

Rehearing Denied May 15, 1934.

Cox & Cox and Emery A. Foster, for plaintiff in error.

Erwin & Erwin, for defendant in error.

PER CURIAM. This matter involves an appeal from the order and judgment of the trial court affirming the decree of the county court involving the interest of certain parties litigant therein.

The judgment of the court was entered on the 1st day of September, 1933, at the April, 1933, term of the district court, and thereafter the September term began on September 4, 1933. The motion for new trial was not filed until September 5, 1933. A motion to dismiss has been filed for the reason that the motion for new trial of the plaintiff in error was not filed within the term at which the judgment was rendered and for the reason that the assignments of error are too indefinite and uncertain. Upon the first proposition there are cited the following cases: Muse v. Harris, 122 Okla. 250, 254 P. 72; Bush v. Clay, 129 Okla. 272, 264 P. 821, and Southern Mutual Life Insurance Co. v. Williams, 135 Okla. 239, 275 P. 343.

In our opinion the motion must be sustained. The appellant relies upon the case of Rieley v. Robertson, 29 Okla. 181, 115 P. 877, and urges two propositions: First, that since he had three days in which to file motion for new trial and the September term did not begin until after midnight of September 3, 1933, and the following Monday, September 4th, was Labor Day, he had until the 5th day of September, 1933, in which to file his motion for new trial. Second, that the case of Rieley v. Robertson, supra, is authority for the proposition that a motion for new trial may be filed out of term and that it is necessary that the record show by evidence that the court did not have jurisdiction for the reason that it was filed out of term, and that because the defendant in error did not move to strike the motion for a new trial and the record is silent, that affords a basis upon which this court may find that the trial court found facts sufficient to warrant the filing of a motion for new trial out of term on the ground that the plaintiff in error was unavoidably prevented from filing the motion within the term.

With this contention we cannot agree. The court, speaking in the above-cited case, quotes at length and apparently approves the doctrine laid down in the Kansas case of Schallehn v. Hibbard, 64 Kan. 601, 68 P. 61, as follows:

"In this case the record shows that, although the motion for new trial was not filed until after the adjournment of the term at which the verdict was given and the judgment rendered, yet that the court took up this motion and granted it. This the court might do if the party filing the motion out of time was unavoidably prevented from filing within the time. The failure to file within three days and within the term is not inexcusable. If a party is prevented from so doing by unavoidable circumstances, yet his motion may be heard. The court must determine whether such circumstances exist. In this case the record is silent upon the question as to whether there was sufficient excuse for not filing the motion within the term. Nothing whatever is said upon the subject. But all presumptions that are warranted by the record must be indulged in to support the correctness of the ruling of the court, and, so far as the record shows, abundant proof may have been introduced to show that the party was unavoidably prevented from filing his motion for a new trial within the term. We cannot presume error. If this evidence was not before the court, the record ought to have shown its absence in order to show error. It must be remembered that this case is one where a new trial was granted, and not one where it was refused. In a number of cases this court has decided that a trial court is justified in refusing a new trial where the motion therefor was not filed within the time prescribed by the section which we have cited, but in this case a new trial was awarded although the motion was filed out of time; but mere filing of the motion out of time does not necessarily show that the court might not consider it, and from the fact that the court did con-

sider it—the record being silent—we must presume that the motion fell within the exceptions created by the statute itself, and that the facts showing such to be the case were proved to the satisfaction of the trial court. It may be suggested that the cited section absolutely requires the filing of the motion within the term, and that the excuse of being unavoidably prevented applies only to the requirement to file within three days. There is some plausibility in such contention, but we prefer to hold that the excuse goes to both requirements, and, if unavoidably prevented from filing his motion for new trial within the term at which the verdict or decision is rendered, still a party may have his motion heard. Such a construction seems to us fair and just. It is the policy of the law to give litigants abundant opportunity to present their grievances to the court, and there is no reason to think that the Legislature wou'd wish to help out one who, through unavoidable circumstances, had been prevented from filing his motion within three days, and not one who, through the same circumstances, had been prevented from filing within the term. In this case the court adjourned on the same day on which the verdict and judgment were rendered. After a full consideration, we hold that the party may be excused from filing his motion for a new trial at the term at which the verdict or decision was rendered by a showing of the same unavoidable casualty as would excuse him from filing such motion within three days after the rendition of such verdict and decision."

The court then goes on to state:

"On rehearing the same conclusion was adhered to, whereon the court further said:

"'A rehearing was granted principally on the ground that there appeared to be something of a conflict in the former decisions of this court upon the proper construction of section 308 of the Civil Code (section 4756, Gen. St. 1901), relating to the time when the application for a new trial could be filed. It was thought to be a matter of so much importance to the profession as made it worthy of positive and final settlement. The question is: May the failure to file a motion for a new trial within the term at which the verdict, report, or decision is rendered be excused by showing that the delay was unavoidable? The case of Mercer v. Ringer, 40 Kan. 189, 19 P. 670, is cited as showing that it cannot; while the case of Fudge v. Railway Co., 31 Kan. 146, 1 P. 141, is cited to sustain the opposite contention. We do not think the case of Mercer v. Ringer, supra, is in point. It makes no reference to Fudge v. Railway Co., supra, and does not pretend to criticise or overrule it. This last case clearly holds that a failure to file the motion within the term can be excused by unavoidable casualty, as well as failure to file within three days. It would seem to be right that it should be so. That con-

struction, being a fair one from the language of the section, must be indulged in to accomplish the right result. It is urged, however, that the right to grant a new trial must affirmatively appear, such right being in a sense jurisdictional, and this court cannot say that this exceptional power to grant a new trial existed unless the facts on which it depended affirmatively appear in the record. Admitting that certain facts must appear to the trial court in order to give it jurisdiction to grant a new trial, the statute nowhere requires that such facts must be made to appear by a writing, or be brought into the record. The judge passing upon such a motion may know of his own knowledge that the party applying was unavoidably prevented from filing his motion within the term. In this case the court adjourned for the term the same day the decision was rendered, and from aught is shown, it may have been at once, and under circumstances known to the court which rendered it impossible to file the motion before such adjournment. And from this knowledge the court may have had abundant reason for granting such new trial, and, as said in the original opinion, we are obliged to indulge in all reasonable and lawful presumptions that we may uphold the action of the court below. The court was not required to put into the record the reasons for its action."

But in the case at bar the court did not grant a new trial, but overruled the motion for a new trial. Conversely to the rule announced in the above-cited case, one of the reasons for overruling the motion for new trial may have been that it was not filed in time. The record does not undertake to excuse the filing out of time, and where the court overruled the same, it cannot be presumed that what the court by record does not excuse was excused by an adverse ruling. The case of Rieley v. Robertson, supra, and the Kansas case cited therein are not in point. In the case of Southern Mutual Life Ins. Co. v. Williams, supra, it appears that the motion for new trial was not filed until after term. The court in the syllabus uses the following language:

"Unless unavoidably prevented, a motion for a new trial upon the grounds that the judgment is not sustained by evidence and is contrary to law and for errors occurring at the trial and excepted to by the party complaining, must be filed during the same term the judgment is rendered. If the motion for a new trial for such reasons is not filed until after the term has ended and the court has finally adjourned, the Supreme Court cannot consider or review the errors alleged in the motion."

In the opinion the court states:

"The plaintiff in error has responded to

this motion to dismiss and asserts therein that H. M. Shirley, one of the attorneys for the plaintiff in error, was in ill health and that he became sick immediately after the trial of said cause and so remained under the doctor's care and unable to transact ordinary business from the date of the trial until the middle of January, 1929, and pleads his condition of ill health as unavoidably preventing plaintiff in error from filing the motion for new trial within the time required by law. This condition was not presented to the trial court as an excuse for the delay in filing such motion. There is no finding of the trial court that the plaintiff in error was unavoidably prevented from filing the same."

The authorities cited by the plaintiff in error to support the rule that he had until the Tuesday following Labor Day in which to file his motion for new trial are not based upon cases arising under errors complained of for not filing the motion for new trial in time. We have found no case that has discussed the right to file a motion for a new trial after term and within three days excluding holidays. Apparently there are none, but the language used in the above-cited cases shows that there are two limits upon the right to file motion for a new trial. The first is that unless unavoidably prevented the motion in any event must be filed within the term. If there are not three days left of the term, it is incumbent upon the movant to file the motion within the term. Bush v. Clay, supra. The second is that it must be filed within three days after the judgment complained of is rendered unless the movant is unavoidably prevented. Since the record shows that the term had expired before the filing of the motion for new trial, the authorities cited supporting the rule that the three days excludes holidays cannot apply.

It appearing therefore, that the motion was not filed until after the term, and there is no finding by the court that the plaintiff in error was unavoidably prevented from filing the motion for new trial, the appeal is dismissed.