## RAMSEY OIL CO. v. DUNBAR et al.

No. 25635.　March 12, 1935.

M. C. Rodolf and E. B. Hunt, for plaintiff in error.

G. W. Goad and E. H. Beauchamp, for defendants in error.

PER CURIAM. On the 29th day of November, 1932, separate actions for damages were filed by Sam Dunbar, Jr., and Sam Dunbar, Sr., against the Ramsey Oil Company, a corporation, being Nos. 3386 and 3387, respectively, in the district court of Delaware county, Okla. By agreement and stipulation of the parties, the two actions were consolidated for trial and were tried on the 16th day of November, 1933, resulting in a verdict and judgment in each instance in favor of the plaintiff. Motions for new trial were not filed within the three-day period provided by statute. On December 11, 1933, the defendant made oral application to the district court for permission to file the motions for new trial out of time, basing such application on the sole ground that it had been unavoidably prevented from filing the same within the statutory period.

The trial court permitted defendant to introduce in support of its application the testimony of its two attorneys of record, M. C. Rodolf and E. B. Hunt, and, after hearing the same, made its finding that "the failure to file motions within three days is excusable, and should be excused, and is excused by the court, and the defendant is permitted to file motions for new trial out of time." Motion for new trial was thereupon filed, heard, and overruled and appeal duly prosecuted to this court.

The testimony on which the finding above quoted was made showed the following facts: That M. C. Rodolf, who resided at Tulsa, was chief counsel in the trial of the two cases; that the cases were submitted to the jury after 6 o'clock on the evening of Thursday, November 16th; that Mr. Rodolf left Jay, Okla., where the trial was

had the same evening, and on the ensuing Friday and Saturday, November 17th and 18th, was engaged in the trial of a certain case at Sapulpa, in Creek county, Okla., and that he had instructed his cocounsel, Mr. Hunt, to file the motions. Mr. E. B. Hunt testified that on the 17th and 18th he was busily engaged in the trial of other cases in the district court at Jay, before the same trial judge; that he did not have time during this period to attend to the matter, and that on the evening of Sunday, November 19th, he became ill and was confined to his bed for several days.

Section 400, O. S. 1931, regulating the time within which application for new trial may be made, is as follows:

"The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly-discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, or impossibility of making a case-made, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

This section of the statute is mandatory, and, in the absence of a showing that the party filing motion for new trial after the expiration of the term or more than three days after the verdict was returned or decision rendered, was unavoidably prevented from so filing the same, this court does not acquire jurisdiction to consider the error of the trial court in overruling the motion, or to review errors occurring at the trial. Southern Mutual Life Insurance Co. v. Williams, 135 Okla. 239, 275 P. 343; Cornish v. Sanders, 132 Okla. 296, 270 P. 563; Philbrock v. Home Drilling Co., 117 Okla. 266, 246 P. 457; Downey v. Prosser, 150 Okla. 211, 1 P. (2d) 372; Southern Surety Co. v. Hatch, 89 Okla. 76, 213 P. 728.

The motion for new trial filed in the trial court assigned the following grounds for setting aside the verdicts and judgments: (1) That said verdicts are contrary to the law and evidence. (2) That said verdicts are contrary to the law. (3) That said verdicts are contrary to the evidence. (4) That the court erred in ruling on motions and demurrers. (5) That said court erred in the admission and rejection of evidence throughout the course of the trial. (6) That said court erred in overruling the demurrer to the evidence and denying the motion for an instructed verdict. (7) That the court erred in its charge to the jury and in refusing the instructions offered by

and on behalf of the defendant. (8) That the court erred in receiving and accepting and approving the verdicts and the special findings of fact. It will be noted that all of the errors complained, of occurred at the trial, and may be reviewed only on a motion filed within three days after the verdict or decision, unless movant was unavoidably prevented from filing the same.

The evidence above detailed, which was presented to the trial court, was not sufficient to show that the defendant below was unavoidably prevented from filing its motion within the time allowed and required by the statute. Neither a showing that one of the attorneys in the case was absent from the county in the trial of another case, nor that cocounsel was busy in the same court during the running of the three-day period, was a sufficient excuse for failure to comply with the statute. Nor did the illness of local counsel, beginning on the night of the expiration of the period, furnish such excuse. Southern Mutual Life Insurance Co. v. Williams, supra.

Defendants in error have, in their brief, challenged the sufficiency of the showing, and the jurisdiction of this court to review alleged errors occurring at the trial, and, in view of our holding that the defendant below did not show that it was unavoidably prevented from filing its motion in due time, this court is without jurisdiction to consider such alleged errors. The judgment of the trial court is, therefore, affirmed.

The defendants in error having, in compliance with Rule 21 of this court, moved for judgment on the supersedeas bond, the same having been duly certified in the transcript of the record herein, it is, therefore, ordered, adjudged, and decreed by this court that the defendant in error, Sam Dunbar, Jr., have judgment on the supersedeas bond filed in this cause, against Ramsey Oil Company, a corporation, as principal, and Western Casualty & Surety Company, as surety, for the sum of $420, with interest at the rate of six per cent. per annum from the 16th day of November, 1933, together with all his costs in the action; and that the defendant in error, Sam Dunbar, Sr., have judgment on the supersedeas bond filed herein, against Ramsey Oil Company, a corporation, as principal, and Western Casualty & Surety Company, as surety, for the sum of $480, with interest at the rate of six per cent. per annum from the 16th day of November, 1933, together with his costs in the action.

The Supreme Court acknowledges the aid of Attorneys L. W. Randolph, O. E. Swan, and Vilas V. Vernor in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Randolph and approved by Mr. Swan and Mr. Vernor, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.