## SCRUGGS v. KESSINGER.

No. 23303. Jan. 21, 1936.

J. F. Curran, Jr., for plaintiff in error.

Otjen & Carter, for defendant in error.

PER CURIAM. This action was tried in the district court of Garfield county, upon an appeal from a judgment rendered in a justice of the peace court. The action was to recover certain premiums alleged to be due for fire insurance policies of the Agricultural Insurance Company furnished to the said Stanley Kessinger, in the amount of $57.18. A jury was waived in the district court and the case was tried to the court, which rendered a judgment for the defendant.

The record discloses that the plaintiff is an individual, doing business as Gross R. Scruggs & Company, as a general fire insurance agent at Dallas, Tex., having several companies, among which is the Agricultural Insurance Company; that he has a subagent at Enid, Okla., Earl R. Lee, who has been such subagent since June 23, 1923, under a written contract, until June, 1931; that on May 9, 1930, Lee wrote certain policies, including the one in question, and delivered the same to the defendant; that the name of Gross R. Scruggs did not appear on any of the policies, and that he was not known to the defendant in the transaction; that on June 11, 1930, Kessinger settled with Lee for the premiums on the policies by striking a balance with him as between such premium and an account for jewelry which Kessinger had against Lee, and received from Lee a receipt showing said premium paid; that Kessinger did not know that Lee was agent for Scruggs, or that Scruggs claimed any interest in the premiums until in July, 1931, when the attorney for the plaintiff wrote him demanding payment.

Lee testified as a witness on behalf of the defendant to the effect that he had settled with Scruggs & Company for the premiums sued for, and the trial court found that the plaintiff did not show that Lee owed him anything. The plaintiff offered in evidence a statement of the account of Lee with him, dated April 17, 1931, which had been prepared by a certified public accountant at the direction of the plaintiff and a copy of which had been sent by the plaintiff to Lee, which statement showed accounts receivable charged against Lee, including the account against the defendant in the amount of $1,764.75. This statement also showed that as against this charge of $1,764.75 Lee was given credit for $800 salary checks. The evidence did not show that the plaintiff had made the application of said salary or part thereof upon the Kessinger account, but applying the same upon the oldest items of said account charged against Lee, the same would take up the Kessinger account. This statement showed a balance due on the account to the plaintiff of $6,923.55, but the evidence of Lee was to the effect that he was entitled to a credit as against the plaintiff of additional salary and expenses amounting to $8,150. Findings of fact covering all the issues involved were made by the trial court. The case-made reflects no specific objection or exception to the findings of fact made by the court, and the correctness or incorrectness of such findings of fact was not raised in the motion for new trial or petition in error.

If the findings of fact were special, then the errors, if any committed therein, were waived by no objection or exception being taken to such findings. In Larkin v. Barker, 134 Okla. 46, 272 P. 882, this court said:

"Plaintiff in error, not having excepted either to the findings of fact made by the court or to the application of the law thereto, waived the errors, if any made, to the application of the law. * * *"

As to a general finding, this court, in Gaffney v. Cline et al., 19 Okla. 197, 91 P. 855, said:

"A general finding for a party to an action is equivalent to finding in his favor each fact in issue in the case."

Where a law action is tried to the court and there is a conflict in the evidence on the issues joined, determination of the questions of fact therein is for the trial court, and this court, on appeal, will not weigh the evidence or determine as to the credi-

bility of the witnesses, that question being one for the trial court. Adams v. Hansford, 130 Okla. 155, 265 P. 762.

Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys W. L. Chase, E. B. Arnold, and W. B. Wall in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Chase and approved by Mr. Arnold and Mr. Wall, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted, as modified.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.